## McFARLAND v. T. W. LANIER & BRO.

No. 4934.    Opinion Filed July 27, 1915.

(150 Pac. 1097.)

1.  **FRAUDS, STATUTE OF—Agreements Relating to Land.** Under the statute of frauds of this state, all contracts for the leasing of real estate for a longer period than one year shall be void, unless the same, or some note or memorandum thereof, be in writing, and an assignment of such a lease, to be valid, must be made in the same way.

2.  **LANDLORD AND TENANT—Leases—Novation.** To effect a novation of a lease contract, there must be a substitution, by agreement of parties, of a new and a release of the old tenant, or the existence of facts and circumstances which create a surrender and acceptance of the leased premises by operation of law; and such novation must be proven by a clear preponderance of the evidence.

3.  **SAME—Surrender.** The surrender of a lease contract by operation of law is created when the parties to the lease do some act so inconsistent with the subsisting relation of landlord and tenant as to imply that they have both agreed to consider the surrender as made, and such facts and circumstances must be established by a clear preponderance of the evidence.

4.  **APPEAL AND ERROR.—Review—Verdict.** Where the evidence in such a case is conflicting, and the jury finds in favor of the existence and continuation of the original lease, and against the novation of the lease contract, this court will not disturb the verdict of the jury, nor the judgment of the lower court thereon.

(Syllabus by Robberts, C.)

*Error from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Action by T. W. Lanier & Bro. against Z. L. McFarland. Judgment for plaintiffs, and defendant brings error. Affirmed.

*F. E. Riddle* and *Harry Hammerly,* for plaintiff in error.

*Bond, Melton & Melton,* for defendants in error.

Opinion by ROBBERTS, C.   This action was commenced in the district court of Grady county by Lanier & Bro., defendants in error, against Z. L. McFarland, plaintiff in error, to recover the sum of $395, as balance due on rent for certain hotel property in the city of Chickasha, and the further sum of $1,000 damages for breach of contract, which was a written lease of said real estate property, for the term of five years, at the rate of $75 per month, payable monthly in advance. It is alleged that said lease contains a provision to the effect that a breach of any of the terms of said contract might be considered as a breach of every condition thereof, that said defendant had breached the same by failure to pay the rents as they became due and payable and by reason and because thereof plaintiffs pray judgment for $1,395.

For answer the defendant denies generally, except the execution of the contract, which he admits. For his further answer defendant seeks to avoid the contract, and defeat recovery on the ground that he had sold and transferred his interest in the leased property to Mrs. Ella Cross and J. S. Jones, that said last-named parties had assumed all the obligations of said lease, and that plaintiffs had accepted rents from them under said lease contract, and said parties were subrogated to all the rights, obligations, and liabilities of the defendant under said contract. and by reason thereof defendant was released from further obligations thereunder.

The plaintiffs reply by general denial.

Verdict and judgment for plaintiffs in the sum of $395.   Defendant brings error.

It appears from the evidence that during the life of said lease plaintiffs removed from the State of Oklahoma

to Texas; by arrangement their rents were paid into the First National Bank of Chickasha; that they never collected their rents in person but all collections were made by the bank and remitted to plaintiffs; that one of the plaintiffs visited the hotel after the transfer, but defendant was still stopping there, and the plaintiffs were not fully advised as to the terms and particulars of said transfer. There is some evidence tending to show that plaintiffs agreed to accept, and did accept, Cross and Jones as their tenants, and to look to them for the rent, and to release the defendant therefrom; but that is denied by the plaintiffs. The real question involved in the case is whether there was a novation of contract of lease, which is solely a question of fact, and on that point the evidence is conflicting. Counsel for plaintiff in error insists that the court erred in giving and refusing certain instructions. We copy herein all the instructions given by the court, as follows:

"(1) These allegations and denials, gentlemen of the jury, constitute the issues in this case for your determination. You, as jurors, are the sole judges of the weight of the testimony and the credibility of the witnesses; and it is for you to determine from all the facts and circumstances and evidence in the case the weight and credit, force, and effect you will give to the testimony of each and every witness.

"(2) In this case, gentlemen of the jury, the burden of proof is upon the plaintiff to establish by a preponderance of the evidence the material allegations in his petition alleged necessary to constitute his right of recovery herein.

"(3) You are instructed, gentlemen of the jury, if you believe from the evidence in this case that the plaintiff herein and one McFarland entered into a certain written contract to lease the property described in the plain-

tiff's petition, and that the said McFarland used and occupied said premises under the terms of said lease, or permitted others to use the same, without consent or agreement of this plaintiff to look to such parties for the rents of said premises, and if you further believe that this plaintiff has not accepted, under the instructions hereinafter given you, such parties other than McFarland as his tenants and agreed to look to them for his rents, then your verdict should be for the plaintiff for such sum as you may find under the evidence to be due and owing under the terms of said contract offered in evidence.

"(4)    In this connection you are further instructed that it is not necessary in order for the plaintiff to have accepted said Jones and Cross as his tenants to have positively agreed to accept said Jones and Cross as his tenants and to look to them for his rents.    But, if said plaintiff, by any course of conduct, words, or acts, caused the said McFarland to believe, and he had reasonable grounds to believe, that it was the intention and purpose of the plaintiff to accept the said Jones and Cross and to release him, the said McFarland, from liability under such lease contract, then such acts upon the part of the plaintiff would constitute an agreement to accept the said Jones and Cross and to release the said McFarland.  And you are instructed, if you believe from the evidence in this case that with knowledge on the part of this plaintiff, if plaintiff had such knowledge that the defendant, McFarland, had sold and assigned his rights, title, and interest to the Midway Hotel to said Jones and Cross, that the plaintiff, either by express agreement or by acts, circumstances and course of conduct, as herein instructed you, accepted said Jones and Cross as his tenants, then your verdict should be for the defendant.

"(5)    You are further instructed, gentlemen of the jury, that under the law the lease in question, being for a longer period of time than one year, assignment of such lease would be void unless in writing, and you are instructed any attempted assignment of such lease to the said Jones and Cross by said McFarland would be null,

void, and of no effect, and not binding on this plaintiff, unless you should further find from the evidence that this plaintiff by express agreement, or by acts and circumstances, as heretofore instructed you, accepted the said Jones and Cross as tenants."

These instructions are given in full, for the reason that the well-known rule is, that all of the instructions should be considered together, and the presumption is that such course was followed by the jury.

Counsel for plaintiff in error take special exceptions to paragraph five given by the court because particular attention was called to the statute of frauds, providing that:

"All contracts for the leasing of real estate for a longer period than one year shall be void, unless the same, or some note or memorandum thereof, be in writing."

Which is followed by a specific instruction that:

"Any attempted assignment of such lease to the said Jones and Cross by said McFarland would be null and void, and of no effect, and not binding on the plaintiff, unless you should further find from the evidence that the plaintiff, by express agreement, or by acts and circumstances, as heretofore instructed you, accepted the said Jones and Cross as tenants."

It must be apparent from a careful reading of the instruction that the particular language in reference to the statute of frauds is modified by the latter part of the paragraph, which brings it clearly within the theory contended for by plaintiffs. Both theories are covered by this instruction, that is, if it was an assignment of the lease, it being for a period longer than one year, it must have been in writing; on the other hand, if it was simply a novation of contract, and, as claimed by counsel for

plaintiff in error, "the defendants in error by express agreement or by acts and circumstances agreed to and did release McFarland and accept Jones and Cross as his tenants," such release would not necessarily have to be in writing. The latter is our understanding of the theory contended for by plaintiff in error, and seems to be borne out by the authorities cited by him. We are tempted here to quote from counsel's brief, which, in our mind, fully supports our views in this case, and does not in any way conflict with the doctrine laid down in the instruction complained of.

McAdams, Landlord & Tenant, sec. 1350, lays down the rule substantially as follows:

"A lessor who has consented to a change of tenancy and of occupation and received rent from the new tenant as an original and not a subtenant, cannot afterwards charge the original tenant for rent accruing during the occupation of the new tenant."

Again, the same authority (page 1352) states the rule substantially:

"The rule at law as now settled by recently adjudicated cases is that any acts which are equivalent to an agreement on the part of the tenant to obtain, and on the part of the landlord to resume, possession of the demised premises amount to a surrender by operation of law. After the original landlord has recognized under-tenants as his tenants and as the persons responsible to him for the rent, he cannot hold the assignors of such subtenants."

Quoting from 24 Cyc., p. 1367, we read:

"The rule may safely be said to be that a surrender is created by operation of law when the parties to a lease do some act so inconsistent with the subsisting relation

of landlord and tenant as to imply that they have both agreed to consider the surrender as made."

As stated before, this instruction gives the general rule governed by the statute of frauds in such cases, and also the rule governing the surrender of leases, and therein the novation of contract of lease, both of which were before the court. The other instructions, especially No. 3, refer to the same subject, and seem to be a clear exposition of the law of the case. We are not only unable to find any error in the instructions given, but must say that we approve them as peculiarly applicable to the case, as well as a distinct statement of the law involved.

Counsel further contend that the court committed prejudicial error in refusing to give certain requested instructions. We have carefully examined these requests, and, while we believe they are somewhat more explicit and give a more detailed and careful statement of the facts involved, as well as the law applicable to the case, we are also of opinion that every necessary question of law is covered by the instructions given by the court, and we find no error in the refusal.

As stated in the outset herein, this case involves the sole question of fact as to whether there was a surrender of the leased premises by the tenant at the time claimed by him, and he was discharged therefrom by the landlord, with the acceptance of Jones and Cross as tenants. These facts need not be proved directly by evidence of an agreement either oral or in writing, but may be inferred from the acts of the parties or circumstances inconsistent with any other conclusion, all of which was submitted to the jury by proper instructions. To our mind, the verdict

was fully justified and supported by the evidence, and clearly sustained by the law.

The case should be affirmed.

By the Court: It is so ordered.