## NATIONAL BANK OF HASTINGS v. PIERCE.

No. 11888—Opinion Filed Dec. 11, 1923.

### 1. Contracts—Oral Stipulations Superseded by Writing.

The execution of a contract in writing, whether the law required it to be written or not, supersedes all oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.

### 2. Frauds, Statute of—Agreements Relating to Land—Authority of Agents.

An agreement for the leasing for a longer period than one year or for the sale of real property or an interest therein, is void, unless the same, or some note or memorandum thereof, be in writing and subscribed to by the party to be charged. If the agreement is made by an agent of the party sought to be charged, it is invalid unless the authority of the agent to make the agreement be in writing and subscribed to by the party sought to be charged.

### 3. Insufficiency of Evidence.

Record examined; held, not to be sufficient to support the verdict and judgment thereon.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action in replevin by the National Bank of Hastings against R. H. Pierce for the possession of personal property under chattel mortgage in foreclosure. Judgment for defendant. Plaintiff brings error. Reversed and remanded.

Parmenter & Parmenter, for plaintiff in error.

Bridges, Vertrees & Anderson, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced an action against the defendant in replevin for the possession of personal property, for the purpose of foreclosure, covered by a chattel mortgage given to secure the payment of a promissory note then due. The defendant for his answer denied the plaintiff's right of possession on the grounds: (a) That the cashier of the bank, at the time of the execution and delivery of the notes and mortgage, agreed to renew and extend the time for payment of the indebtedness from time to time during a period of two years from the date of the mortgage; (b) that the cashier agreed in parol to lease farm lands to the defendant for a period of two years to farm and pasture stock of the defendant for which the note was given in part payment. In the trial of the cause judgment went for the defendant, and plaintiff has appealed the cause to this court for review. Among the several errors assigned by the plaintiff, is the giving of the following instruction by the court in its general charge to the jury:

"On the other hand should you believe by a preponderance of the evidence on the part of the defendant that plaintiff through its officer, W. A. McAtee, agreed with the defendant at the time of the execution of the note sued on that it would extend the paper from time to time for a period of two years and would furnish him a place for the same period of time and you further find that plaintiff failed and refused to carry out the terms of the agreement, then in that event plaintiff would not be entitled to take possession of said property at the time of the institution of this suit and you should find for the defendant."

Section 5035, Comp. Stat. 1921, provides that the execution of a contract in writing supersedes all the oral negotiations and stipulations concerning its matter which preceded or accompanied the execution of the instrument. The oral negotiations or stipulations concerning the subject-matter, if any, are merged into the written agreement. The section has been construed by this court to preclude proof of oral negotiations and agreements had prior to, and at the time of, the execution of the written instrument, in the absence of allegations that the contract as executed was the result of fraud, mistake or accident. McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 Pac. 524, 138 Am. St. Rep. 803, note. The receiving of proof of a parol agreement to lease lands for a period of two years was in contravention of the statute of frauds and the decisions of this court construing the statute. Section 5034, Comp. Stat. 1921; Halsell v. Renfrow & Edwards, 14 Okla. 674, 78 Pac. 118, Ann. Cas. 286, 202 U. S. 287, 50 L. Ed. 1032. Therefore the court committed error in its general charge to the jury on these questions.

It is recommended that this cause be reversed and remanded for further proceedings in accord with the views herein expressed.

By the Court: It is so ordered.