**G. & H. COAL CO. v. FREEMAN et al.**

No. 22437.   Opinion Filed Dec. 6, 1932.

Holland & Holland and Babb & Bennett, for plaintiff in error.

R. P. White and A. E. White, for defendants in error.

KORNEGAY, J. This is a proceeding to reverse the action of the district court of Le Flore county. Suit was started on the 25th of March, 1930, and the plaintiffs below, the defendants in error, sought to recover of the present plaintiff in error profits that they averred they could have made, had they not been deprived of the use of the premises by the defendant below, plaintiff in error, in the operation of a coal mine.

The charges were that there were 10,000 tons of coal that were available, as a result of the opening up of the slope and adjacent rooms in the coal mine, made by the plaintiffs below, under a contract made with the predecessor in ownership of the mine, which was known to the plaintiff in error, and ratified and carried out in part by the plaintiff in error after the purchase of the mine. The answer, omitting the caption, is as follows:

"Comes now the defendant and for its answer to plaintiff's petition denies each and every material allegation therein contained except such as are hereinafter specifically admitted.

"The defendant admits that it is a corporation with its principal place of business located near Panama, Okla.

"The defendant specifically denies that the plaintiffs entered into a contract with the White Oak Company wherein the plaintiffs were allowed to mine any definite amount of coal or were to have the exclusive possession of any property belonging to the White Oak Coal Company for the purpose of mining any amount of coal, but alleges that any work done by the plaintiffs for the White Oak Coal Company was paid for by the said White Oak Coal Company and any work done by the plaintiffs for the defendants herein was paid for by the defendant.

"The defendant specifically denies that it had knowledge of any contract between the plaintiffs and the White Oak Coal Company and alleges that the defendant herein has had no contract with the plaintiffs wherein the plaintiffs were given permission to mine any definite amount of coal from the property belonging to the defendant herein.

"The defendant denies that the plaintiffs were wrongfully evicted from the property of this defendant; denies that the plaintiffs were damaged in the sum of $5,000 or in any sum.

"Wherefore, premises considered, the defendant prays that the plaintiffs take nothing and that it have judgment for its costs herein expended."

The evidence was introduced, and it clearly showed that the White Oak Coal Company had entered into an arrangement with the plaintiffs below to drive a slope and clean some of the rooms in the mine belonging to the White Oak Coal Company, and that at considerable expense, aggregating in the neighborhood of $1,200, this work had been done, and as a further part of the agreement the mining company was to pay $1.50 a ton for the coal to be gotten out by the plaintiffs. That portion of the mine

was in bad condition, and required a good deal of timbering and cleaning up of rocks that had fallen, and the method of getting pay for this work was in the agreement of the coal company to pay $1.50 per ton for the coal produced. From time to time the original company settled with the plaintiffs for the coal produced, making counter charges for what the company did with its machinery in cutting, and for other supplies that were furnished, and for labor that they paid for in handling machines. At a sale price of $1.50 per ton, the evidence was that there was a profit of 50 cents per ton in producing the coal.

When the original company sold to the plaintiff in error, the arrangement entered into by the original company appears to have been continued, and settlements made and operations carried on in the same way between the new owner, plaintiff in error, and defendants in error. Sometime in January the plaintiff in error turned over the slope and rooms, that had been operated by the plaintiffs below, to other parties, and they were thereby deprived of the right to carry on their mining operations under the contract, and hence the suit. As to the reason for taking away the property from the plaintiffs, and not carrying on the business as they had been doing, there was considerable conflict in the evidence. Showing was made that under the arrangement there was a 50 cent profit per ton, and there does not appear to have been much controversy about that.

No instructions were asked for by the defendant below, nor demurrer to the evidence had. The court charged the jury as to the issues made by the parties, and the burden of proof being upon the plaintiffs, and the measure of liability, and the adoption of the contract and liability thereafter. There was considerable evidence as to the amount of coal that was recoverable, made available by labor of the plaintiffs. The jury returned a verdict for $1,000.

The brief of the plaintiff in error contains assignments of error, the first being error in overruling motion for new trial, and the second being error in giving the instruction as to the burden of proof, the third as to the instruction on liability, and the fourth as to the adoption of the contract. The argument, however, as to the instructions is based on the giving of the following part of the instruction No. 3:

"You are further instructed that if the defendant, with knowledge of the contract between the plaintiffs and White Oak Coal Company, permitted the plaintiffs to continue work under said contract after the defendant became possessed of the property, and to make payment according to the terms of the contract, then the defendant in law is held to have adopted said contract and become liable thereunder."

The argument is made that there is no proof or allegation that the defendants in error had entered into a contract with plaintiff in error, but that the proof was that the original contract was made with the White Oak Coal Company, and that it was based upon a continuation "so long as everything was satisfactory or as long as the White Oak Coal Company saw fit to continue the arrangement," and some argument is made upon the proposition of the essentials of a novation, and 20 R. C. L. and M. K. Goetz Brewing Co. v. Waln, 92 Neb. 614, 139 N. W. 230, and McFarlane v. T. W. Lanier & Bros., 50 Okla. 336, 150 P. 1097, are cited, and our attention is called to some of the testimony.

Counter brief has been filed in which the point is raised that there was no demurrer to the evidence, and that there was no instruction requested, and several cases from this court are cited upon the proposition that the verdict being against the weight of the evidence could not now be complained of, and that complaint that the instructions were not sufficiently specific is not allowable.

As applied to the case in hand, it is clear that when the property was purchased, the plaintiff in error should have known, if it did not know, that the defendants in error were working the property on their own account, as distinguished from drawing wages, and that their profits depended upon what they were able to make by management and mining of the coal that they had uncovered. It is further evident in this case that after the plaintiff in error took charge of the mine, the arrangement was continued practically as it had been running before, and the gist of the action was the wrongful conduct of the plaintiff in error in excluding the defendants in error from the opportunity of carrying on their mining operations in accordance with the original arrangement, pursuant to which the cleaning up of the mine had been had at the expense of the defendants in error.

The jury found the issues against the plaintiff in error, and we think that the evidence justified the verdict. The instructions fairly covered the matters that were brought before the jury, and apparently no complaint of their not being full enough

suggested itself to the plaintiff in error while the case was being submitted. See case of International News Service v. News Publishing Co., 118 Okla. 113, 247 P. 87.

Finding no reversible error in the case, the cause is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., absent.