## McMONIGLE v. POORHORSE et al.

No. 23255. Nov. 5, 1935.

George W. Miller, for plaintiff in error.

Ralph C. Haynes, for defendants in error.

PER CURIAM. This is an action brought by James Poorhorse and Ella Poorhorse, defendants in error, against Porter McMonigle, plaintiff in error, in the justice of the peace court of Noble county, for the possession of certain land owned by plaintiffs. The plaintiffs prevailed in the justice court, and on appeal to the county court of Noble county by defendant, plaintiffs again prevailed, and the cause is on appeal here from the judgment of the county court. The parties will be referred to as they appeared in the trial court.

The facts are that plaintiffs owned certain land in Noble county. In January, 1921, they executed a written lease to the defendant on said land to expire the 12th day of January, 1931. The contention of the plaintiff in error is that on or about the 20th day of August, 1930, he entered into an oral contract with plaintiffs for a lease of said land for an additional three-year period, commencing on the 12th day of January, 1931, the only writing purporting to evidence said agreement being a check given by the defendant to plaintiffs, in words and figures as follows, to wit:

"Blis Co-Operative Grain Co.
"Marland, Oklahoma     8-20-1930     No. 3294
"Marland State Bank
86-684
"Pay to the
    Order of     Porter McMonigal (sic) $50.00
    "Bliss Co-Operative Grain Company
"By F V Cole
"Adv. on Corn %
Con. No. 37

Endorsement on back of check:
    "Fore lease 193__
        "Porter McMonigle
        "James Poorhorse
            "Defts Ex No. 6"

It appears that after the alleged oral agreement was entered into, the defendant, who was then in possession of the land under the original written contract, in the fall of 1930, sowed a hog lot on the place in wheat and repaired a portion of the fence.

It further appears that prior to the making of said alleged oral contract, the plaintiffs had entered into a written contract for the leasing of said land to another party, this lease beginning at the expiration of the written contract held by the defendant. The record also indicates that prior to the termination of the written lease of defendant, by its terms, the plaintiffs had notified him in writing they would expect possession of the land at the termination of his written contract.

The first question raised by counsel is, Does the check purporting to have been given by the defendant to plaintiffs, together with the indorsement thereon, constitute such a contract in writing as to take it without the fifth subdivision of the statute of frauds, being section 9455, O. S. 1931.

In the case of Fox v. Easter, 10 Okla. 527, 62 P. 283, this court said:

"In 8 Am. & Eng. Enc. Law (1st Ed.) 710 it is stated that the memorandum of an agreement sufficient to satisfy the statute of frauds need not be in any way a formal document, but it must contain the whole contract; it must be made before the action is brought, and must be signed by the party to be charged or some one authorized to act for him. And on page 722 of same volume it is again said:

" 'It must show what contract was finally agreed upon, and the exact nature of that contract; accordingly, it must set out the parties, the subject-matter, the price, the terms, and conditions,' etc.

"As to whether an ordinary receipt for money will constitute such a memorandum as will satisfy the law, was decided by the Supreme Court of Indiana at a very early day and the case is frequently cited as a precedent. In Barickman v. Kuykendall, 6 Blackf. (Ind.) 21, that able expounder of the common law, Mr. Justice Blackford, said:

" 'The defendant insists that the receipt signed by the vendor for part of the consideration money is a sufficient writing to satisfy the statute, but that is not so. The receipt, it is true, is not objectionable as a contract within the statute merely because it has the signature of but one of the parties, Laythoarp v. Bryant, 2 Bingh. N. Cas. 735, but it is objectionable as such contract because it does not describe the land, and because it does not state the amount of the purchase money, nor any of the other terms of the contract. To ascertain these particulars, recourse must be had to parol testimony, which the statute does not permit.' "

In Magna Oil & Refining Co. v. Parkville Oil Corporation, 96 Okla. 157, 221 P. 65, it is held:

"A written contract, in order to satisfy the statute of frauds, must be a complete contract, and no part of the contract can rest in parol."

To the same effect is American National Bank v. Ardmoreite Publishing Co., 123 Okla.

225, 253 P. 81; Hall v. Haer, 160 Okla. 118, 16 P. (2d) 83; and Francis v. Hamra, 112 Okla. 105, 240 P. 76.

The check relied on as a sufficient written instrument to relieve the al'eged contract from the application of the statute of frauds is clearly insufficient. It does not describe the land, specify the consideration, fix the duration of the contract, nor indicate its terms.

The second contention of plaintiff in error is that the alleged oral agreement was valid by reason of the fact that plaintiff in error had repaired the fence on a part of the land and sowed some wheat. It appears from the record that the plaintiff in error repaired, to what extent it is not clear, a string of one wire fence, and in the fall of 1930 sowed the hog lot in wheat.

In all cases the burden is on the party alleging the oral agreement to clearly establish the same, together with the acts constituting performance or such part performance as would satisfy a court of equity, and render it inequitable to refuse relief, and improvements relied upon must be both valuable and permanent, and all such must be pursuant to the contract relied upon. Johnston v. Baldock, 83 Okla. 285, 201 P. 654; Boese v. Childress et al., 83 Okla. 60, 200 P. 997.

There is no showing that the improvements claimed to have been p'aced on the land were either valuable or permanent, nor that the wheat sowed in the hog lot had any connection with the contemplated use of the land for the succeeding years, and no showing that either of said acts had any connection with the alleged contract.

On the third proposition, that the court erred in directing a verdict for plaintiffs, inasmuch as we have held that neither the check relied on as a written contract, nor the work and improvements on the premises, are sufficient to constitute a valid contract, and to relieve the transaction from the application of the statute of frauds, there was no competent evidence to justify the court in submitting the question to the jury. For that reason the court's action in directing a verdict for plaintiffs was proper.

The fourth and remaining question raised is that a lease alleged to have been made between plaintiffs and a third party, one Olmstead, was not properly recorded so as to give notice to defendant. In view of the conclusions heretofore announced, the Olmstead lease, and the question of its execution and placing same on record, are wholly immaterial to any issue involved in the case.

For the reasons given, the judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys W. L. Chase, W. B. Wall, and E. B. Arnold in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and fact was prepared by Mr. Chase, and approved by Mr. Wall and Mr. Arnold, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.