LACY v. WOZENCRAFT.

No. 29579. Sept. 24, 1940.

*105 P. 2d 781.*

Pryor & Sandlin, of Holdenville, and Billingsley & Kennerly and Pryor & Wallace, all of Wewoka (Don Wilbanks, of Holdenville, of counsel), for plaintiff in error.

Bishop, Bishop & Seay, of Seminole, for defendant in error.

GIBSON, J. This appeal is from a judgment of the superior court rendered on a verdict for plaintiff in a forcible entry and detainer action.

Defendant complains of certain of the court's instructions relating to the statute of frauds and estoppel to assert the same in connection with the question of the validity of an alleged oral lease contract.

Defendant had occupied plaintiff's premises under a written lease contract for a term of three years. After the expiration thereof defendant continued to occupy the premises for a period of one year, during which time, according to defendant's evidence, the plaintiff orally agreed to lease the premises to her for another three-year term at the same rental theretofore paid, and that it was agreed between the parties that the contract be reduced to writing at the convenience of the plaintiff.

Defendant's evidence further shows that in reliance upon the foregoing promises she expended the sum of $1,-000 in remodeling the building to suit her stock of merchandise, and invested the sum of approximately $5,000 in additional merchandise.

Plaintiff testified that no such promises were made. She also relies on the statute of frauds, section 9455, O. S. 1931, 15 Okla. St. Ann. § 136 (5), which provides that an agreement to lease real property for a larger period than one year is invalid unless the agreement or some note or memorandum thereof be in writing.

No pleadings were filed on behalf of defendant, and none was necessary, but she assumed the position that the plaintiff by her actions in knowingly permitting defendant to make the expenditures mentioned was estopped to assert the statute of frauds as a defense.

Defendant's objection to the instructions goes specifically to the portion thereof which in effect would require the jury to find that said expenditures must have resulted in valuable and lasting improvement to the realty and a benefit to the plaintiff in order for the defense of estoppel to be available to defendant.

In this connection defendant says she has never contended that the leased premises were in any way benefited to the extent of lasting improvements, but asserts that her defense is based upon the theory of promissory estoppel, that character of estoppel in pais that is said to arise from a promise, though without consideration, made with the intention that it be acted upon, and is acted upon by the promisee with such degree of ensuing detriment that a refusal to enforce the promise would be to sanction fraud or result in other injustice. 19 Amer. Jur. 657, § 53; see, also, "quasi estoppel," 21 C. J. 1202, §§ 204, 205.

So-called promissory estoppel is recognized in many jurisdictions; see 19 Amer. Jur. 657. It is based upon the same equitable principles as is estoppel by silence. In the one case a promise is made with the intention that it be acted upon by the promisee; in the other, a person has been silent on some occasion when he should have spoken. But in either case the party who is estopped has in effect stood by and, in violation of his duty in equity and good conscience to warn another of the real facts, permitted the latter to take some action detrimental to his own interest.

In order for estoppel to arise in such case it is not necessary that the one estopped receive some benefit or consideration from the particular transaction; neither is it necessary that he be guilty of some actual overt act of fraud. It is true that there must be some false representation or concealment of facts, and there must be an intention that some action be taken thereon, but the representation or concealment may arise from the silence of the party when he is under imperative duty to speak, and the intention aforesaid may be inferred from the circumstances. Flesner v. Cooper, 62 Okla. 263, 162 P. 1112. The rule is there stated as follows:

"The essential elements of an 'equitable estoppel' are: First, there must be a false representation or concealment of facts. Second, it must have been made with knowledge, actual or constructive, of the real facts. Third, the party to whom it was made must have been without knowledge, or the means of knowledge, of the real facts. Fourth, it must have been made with the intention that it should be acted upon. Fifth, the party to whom it was made must have relied on or acted upon it to his prejudice. The representation, or concealment, mentioned, may arise from silence of a party under imperative duty to speak; and the intention that the representation or concealment be acted upon may be inferred from circumstances."

According to defendant's evidence in the instant case, plaintiff promised to execute to defendant a valid three-year lease; plaintiff intended that the promise be acted upon; the promise was acted upon by defendant without protest or warning from the plaintiff, resulting in material detriment to defendant. These facts bring the case well within the rule stated above.

Our statute provides that one may be estopped to deny a contract affecting real estate where he has received benefits therefrom, section 9668, O. S. 1931, 16 Okla. St. Ann. 11; but the statutes do not purport to define all classes of estoppel. Circumstances like those in the instant case are always considered sufficient to work estoppel.

The trial court erred in instructing the jury over defendant's objection that a finding of consideration or benefit to plaintiff was a necessary element of estoppel. Defendant's theory of estoppel was based upon a fundamental principle of law, and that being true, it was the court's duty to instruct on that theory. Riser v. Herr, 187 Okla. 211, 102 P. 2d 178.

Defendant requested no instruction on her theory of defense, but the record

shows that said theory was fairly brought to the attention of the court. In such case it is the court's duty to properly instruct on the theory presented, and no special request therefor is necessary. Riser v. Herr, supra. It is there said that "it is the duty of the court without a request and upon its own initiative to instruct the jury upon all of the vital factors of the tenable legal theories of both litigants concerning the issues of fact." The rule is there stated as follows:

"In causes which require a jury trial, it is the duty of the trial court on its own motion to submit to the jury upon proper instructions the tenable theories of the litigants concerning the issues in the action, and a failure to discharge this duty is ground for a new trial even though the instructions requested are erroneous."

This court has held that an oral agreement to sell real estate is removed from the operation of the statute of frauds by possession in good faith and part payment of the purchase price; or possession in good faith and making valuable and lasting improvements on the land. Boese v. Childress, 83 Okla. 60, 200 P. 997; Johnston v. Baldock, 83 Okla. 285, 201 P. 654. And we have applied the same rule to an oral agreement to lease land. McMonigle v. Poorhorse, 174 Okla. 534, 51 P. 2d 288.

In the latter case we held that a tenant's possession under a written lease coupled with only slight expenditures in work and improvements were not sufficient as acts of part performance of an oral agreement for a renewal lease to relieve the latter from the application of the statute of frauds. But this and the other two decisions last mentioned do not imply that the promisor in an oral agreement affecting real estate may not be estopped to interpose the statute where he has knowingly and without protest or warning permitted the other party in rightful possession and in reliance upon the agreement to so change his position that to deny him relief would result in fraud or other injustice. As said in the Johnston Case above,

"the statute of frauds was never intended to be used as a shield or as a breastwork to aid anyone in the perpetration of a wrong." To remain silent when one should speak constitutes a wrong in such case.

Apparently, the question of estoppel by reason of alleged wrongful acts of the promisor was not injected into the above cases. In the instant case the jury should have been allowed to say whether the defendant, with the knowledge of plaintiff, had so altered her position in reliance upon the oral agreement that to invoke the statute would permit a fraud or other injustice to be perpetrated upon defendant.

It is not necessary to consider other questions raised by defendant.

The judgment is reversed and the cause remanded for a new trial.

BAYLESS, C. J., and CORN, HURST, and DANNER, JJ., concur.