MOORE v. CASON BROS.

No. 33511. Dec. 6, 1949.

*212 P. 2d 460.*

E. O. Clark, of Stigler, for plaintiff in error.

Hudson & Hudson, of Stigler, and Jack L. Hudson, of Norman, for defendant in error.

CORN, J. Plaintiff, a copartnership composed by Claude Cason, Frank Cason and Ed Cason, sought to recover the balance due on two promissory notes executed to the partnership by the defendant, Burl Moore. Defendant admitted the execution of the notes and entered the affirmative plea of payment and the statute of limitations. On a trial to a jury verdict was rendered for $150.23, the balance alleged to be due on both notes. Judgment was rendered thereon, and defendant appeals.

Both notes were executed April 23, 1937. One was for the principal sum of $139, the second for $150. Claude Cason testified that the defendant executed the notes for merchandise purchased; that payments were made thereon on October 5, 1942, $10 being paid on the $139 note, and $5 on the $150 note. There had been no other payment on the $139 note. Payment prior to the $5 payment in October, 1942, had reduced the $150 note to a balance of $26.23, leaving a balance due of $21.23 after the $5 payment.

It is first argued that the trial court erred in failing to sustain a demurrer to the evidence for the reason that the action was brought by Cason Brothers while the evidence discloses that Claude Cason was the sole owner of the notes. We cannot agree that this constitutes error under the facts and circumstances of the case at bar. Claude Cason testified at the trial that he was then the owner of the notes but there is no showing that plaintiff was not the owner at the commencement of the action. The notes were not endorsed and bear no other evidence of assignment. It is to be presumed in the absence of a positive showing that any transfer to Claude Cason occurred after the action was brought. 12 O.S. 1941 §235, among other things, provides that where there is a transfer of an interest subsequent to the commencement of an action, the transferee may be made a party to the proceeding or the plaintiff may recover for the benefit of the transferee. Gillett v. Romig, 17 Okla. 324, 87 P. 325; McNary v. Farmers' Nat. Bank, 33 Okla. 1, 124 P. 286. In McCoy v. Moore, 185 Okla. 253, 91 P. 2d 87, it is stated:

"A defendant's right is to have a cause of action prosecuted against him by the real party in interest, but his concern ends when a judgment for or against the nominal plaintiff would protect him from any action upon the same demand by another, and when, as against the nominal plaintiff, he may assert all defenses and counterclaims available to him were the claim prosecuted by the real owner."

If Claude Cason was the owner he is before the court and so named as one of the parties and the judgment not only inures to his benefit but a judgment for the plaintiff if paid by the defendant fully ends his liability. McNary v. Farmers' National Bank; McCoy v. Moore, supra.

In the second proposition defendant argues error of the court in refusing to allow him to read from the petition in his argument to the jury. The purpose of reading the petition was to disclose that the partnership was suing whereas the notes appeared to be owned

by Claude Cason. What has been said above discloses that there was no error in this respect.

In a third proposition defendant asserts that the trial court failed to instruct as requested on the issue of payment and the statute of limitations. The trial court gave instructions covering the issues including payment and the statute of limitations. It has repeatedly been held that it is not error to refuse to submit a requested instruction to the jury where the instructions given reasonably and fairly present the issues in the case. Lusk v. Bandy, 76 Okla. 108, 184 P. 144; Burton v. Harn, 195 Okla. 232, 156 P. 2d 618; Maley v. Henley, 195 Okla. 51, 154 P. 2d 970.

Judgment affirmed.

DAVISON, C. J., and WELCH, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.

