R & S AUTO SERVICE et al.
v. McGILL.

No. 34684.    Dec. 18, 1951.

*238 P. 2d 1089.*

A. L. Commons, Miami, for plaintiffs in error.

Nesbitt & Nesbitt and H. G. E. Beauchamp, Miami, for defendant in error.

CORN, J. Plaintiff brought this action to recover damages for personal injuries, and for loss of his automobile, resulting from a collision between plaintiff's automobile and a wrecker truck owned by R. & S Auto Service, a copartnership, and operated by defendant Fox, an employee. The facts and circumstances out of which this action arose may be summarized as follows:

Shortly after midnight on October 10, 1948, an automobile, operated by a party named Greenfeather, collided with an automobile operated by one Golden, carrying two passengers (Sargent & Testerman), on a county road about nine-tenths of a mile north of a grocery store, some four miles east of Miami, Oklahoma.. These parties went to a nearby town and telephoned for a wrecker to pick up the cars. Defendant's wrecker, operated by defendant Fox, picked the three boys up in Quapaw, Oklahoma, and returned to the scene of the collision. The Golden car was approximately cross-wise in the middle of the road and the Greenfeather car was on the west side of the road, which was about 25 feet wide from shoulder to shoulder. Defendant Fox maneuvered the wrecker into position to remove the Golden car, the wrecker facing diagonally to the southeast, and began fastening the car to the wrecker. The evidence was conflicting as to whether any lights were showing on the wrecker or the two cars, and Golden testified he was holding a flashlight to assist Fox in seeing how to work.

Plaintiff, and one Fain, had left Miami and were returning to Commerce, Oklahoma, (their home) traveling north over this county road, the testimony being that they were traveling 30-35 miles per hour. Approximately nine-tenths of a mile past the grocery store they topped a small rise and, starting down the other side, found the road blocked by defendant's wrecker and the two damaged automobiles. The location of the wrecker was about three and seven-tenths (3 7/10) feet below the

crest of the hill. When approximately 50 feet from such blockade plaintiff applied his brakes and pulled into the ditch on the east (right hand) side of the road, attempting to pass between the wrecker and the road embankment, but there was not sufficient space and a collision resulted.

The amended petition alleged plaintiff's injuries, and damages to his automobile, resulted from defendants' negligence in the following particulars: failure to keep headlights, adequate taillights and clearance lights burning to indicate the wrecker's position on the road; failure to place flares or other warning signals in either direction from the wrecker to indicate the presence of an unusual condition. Further, that such negligence created a dangerous situation which defendants, in exercise of due care, should have known and recognized; that as a proximate result thereof plaintiff was thrown about in his automobile and received painful and lasting injuries causing permanent disability, for which plaintiff sought damages, including damage to his car, totaling $21,950.

R & S Auto Service answered denying negligence in any respect, and that plaintiff was guilty of contributory negligence. Defendant further pleaded that its wrecker was at the place alleged in a proper position and equipped with proper lights, which plaintiff, by exercise of ordinary care, could have seen; that plaintiff, disregarding warning signs and signals and while driving at an excessive speed collided with defendants' wrecker. Plaintiff was charged with negligence in driving at an excessive speed, failing to keep a proper lookout, not having properly functioning lights, and in failing to slow his speed so as to have avoided the collision. This defendant also filed cross-petition asserting the collision and resulting damage was due to plaintiff's negligence and asked judgment for damages to its wrecker and for loss of use thereof, in the sum of $1,317.83.

The defendant Fox filed separate answer admitting the facts and circumstances surrounding the wreck were as alleged, but denying negligence or want of care upon his part, and asserting the wreck was due entirely to plaintiff's negligence.

Plaintiff's reply denied the allegations of contributory negligence and all new matter asserted by defendants, and realleged the accident resulted solely from defendants' negligence.

Trial of the issues resulted in a jury verdict in plaintiff's favor for $14,000. The matters relied upon for reversal of the judgment rendered upon the verdict are presented under five propositions, the first two of which question the sufficiency of the evidence to sustain the verdict and judgment.

We have considered herein a voluminous record which, upon examination, reveals that upon almost every issue presented by the pleadings and evidence, the jury was confronted by sharply conflicting evidence. Some 300 pages of testimony and exhibits disclose that the issues raised were thoroughly presented. By the verdict it is clear the jury rejected defendants' evidence and chose to believe the evidence of plaintiff as to the manner in which the accident occurred and the proximate cause thereof. Under the familiar and settled rule, we are bound to accept the jury's findings in these respects. Wat Henry Pontiac Co. v. Bradley, 202 Okla. 82, 210 P. 2d 348.

The situation, therefore, resolves itself as follows:

Plaintiff was operating his automobile, which was mechanically in good order, in a lawful and proper manner and could have seen objects in his lights at from 50 to 60 feet. The blockade in the road could not be seen by plaintiff until he reached the crest of the hill, and when he observed the wrecker he applied his brakes and tried to avoid the collision, but was unable to do so. The wrecker was without lights and defendant had failed to put

out flares or warning signals to warn other traffic of the blockade in the road, and no attempt was made to warn plaintiff of the danger as he was observed approaching the scene. As the proximate result of defendants' acts and omissions, plaintiff collided with the truck and received disabling, permanent injuries.

The evidence concerning the essential features of the case, particularly as to the blockaded condition of the road, and whether there were any warning signals of any nature, was conflicting, as was the question of contributory negligence. These questions were resolved in plaintiff's favor, and the evidence amply supports the jury's findings. In such instances, the verdict is not to be disturbed on appeal. Ronspiez v. Chambers, 203 Okla. 664, 226 P. 2d 388.

Under the argument concerning the alleged insufficiency of the evidence, defendants further urge that the sum awarded plaintiff as damages was in excess of the amount shown to be recoverable under the evidence. The medical testimony covering the nature and extent of plaintiff's injuries, and the permanency of his resulting disability, likewise was in conflict, but the amount fixed by the jury was well within the recoverable limits defined by the proof.

Defendants next contend that during the course of the trial they were subjected to accident and surprise, which ordinary prudence could not have guarded against, and point out that, under the statute, 12 O. S. 1941 §651 (3), such is grounds for new trial. The basis for such contention arises from the following matters: During the course of the trial defendants' witness, Golden, was shown a written statement concerning the facts surrounding the accident, made some time prior to the trial, to some party whose identity was not divulged, and signed by this witness. The substance of such statement, particularly as to whether there were warning lights on the wrecker, or about the scene of the wreck, to warn plaintiff as he approached the blockade, was at variance with the witness's testimony. It is defendants' argument that they were entitled to rely upon the written statement, and that the witness's deviation therefrom in his testimony constituted accident and surprise which could not have been guarded against, and the trial court erred in excluding such statement from the jury.

We are of the opinion that any error in excluding the written statement must be considered harmless, since it appears that the written statement was read to the witness in the presence of the jury and must be considered as having accomplished the purpose for which it was offered, that of impeaching the credibility of the witness. Under the circumstances no prejudice could have resulted from exclusion of the written statement. Error which could not have affected the verdict or judgment will not be considered an appeal. Fibikowski v. Fibikowski, 190 Okla. 152, 121 P. 2d 304.

The same claim of error is made concerning the trial court's refusal to permit the written statement of defendants' witness Sargent to be admitted in evidence. This claim of surprise as concerns the deviation of the testimony given from the matters contained in the written statement is without merit. The witness testified that he advised the party who drew the statement that matters therein contained were incorrect and should be changed. And, defendants' counsel talked with the witness prior to trial and was advised that he did not know whether the statement was right or not, and did not remember matters therein contained very well.

The two remaining propositions are directed at the trial court's refusal to give defendants' requested instructions (1-7, inclusive), and in the giving of instruction No. 10.

The error asserted in the court's refusal to give certain requested instructions is based upon argument that the court should have instructed, since the

scene of the accident was a gravel road and not a highway, that the Rules of the Road, 69 O.S. 1941 §583 (10), did not apply; being engaged with the disabled car at the time of collision, the wrecker was not required to keep to the right of the center of the road; and defendants were not required by law to put out "flares" after parking the wrecker across the highway.

Defendants assert that the rule in syllabus 1 of Oklahoma Power & Water Co. v. Howell, 201 Okla. 615, 207 P. 2d 937, plainly indicates that it is intended to apply to hard surfaced highways, and the instruction given only confused the jury. Although this collision occurred upon the gravel road, it was a designated state highway. Defendants point to no judicial interpretation concerning rules of the road indicating that the application of these rules is confined only to paved highways.

The general rule is stated in 60 C.J.S., Motor Vehicles, §335, as follows:

"The operator of a standing or parked vehicle which constitutes a source of danger to other users of the highway is generally bound to exercise ordinary or reasonable care to give adequate warning or notice to approaching traffic of the presence of the standing vehicle, and such duty exists irrespective of the reason for stopping the vehicle on the highway. So the driver of the stopped vehicle must take such precautions as would reasonably be calculated to prevent injury, whether by the use of lights, flags, guards, or other practical means, and failure to give such warning may constitute negligence, even in the absence of any specific duty imposed by governmental regulations. The failure of the operator of a standing vehicle to warn an approaching vehicle of danger from another source does not constitute negligence where he is under no duty to furnish such a warning."

Whether failure to take proper precautions in such instances constitutes negligence is a question for the jury. Spicers, Inc., v. Rudd, 199 Okla. 576, 188 P. 2d 692.

By instruction No. 10, of which complaint is made, the trial court properly instructed as to defendants' right to use the highway during an emergency, and further told the jury that, if operated other than to the right of center thereof, then the operator's duty was to exercise ordinary care and diligence to warn others then using the highway of the presence and location of the truck, in order to enable such persons, while exercising ordinary care, to avoid collision therewith.

Such instructions properly defined the duties and measure of care commensurate with the circumstances, and is entirely within the limits announced in the Howell case, supra. The instructions given, when considered as a whole, properly defined the issues presented, and there was no error in refusing to give defendants' requested instructions. Moore v. Cason Bros., 202 Okla. 252, 212 P. 2d 460.

Judgment affirmed.

Plaintiff having prayed judgment on the supersedeas bond executed herein, judgment is rendered accordingly in favor of plaintiff.

HALLEY, V. C. J., and GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.