Ezra A. CAUTHRON, Plaintiff in Error,

v.

W. H. GOODWIN, Defendant in Error.

No. 36616.

Supreme Court of Oklahoma.

Sept. 13, 1955.

Charles Sims, Seminole, for plaintiff in error.

Harry Hammerly, Robert B. Park, Chickasha, for defendant in error.

CORN, Justice.

This appeal is the outgrowth of an unlawful detainer action in a justice of the peace court, wherein W. H. Goodwin sought to recover possession of a quarter section of farm land.

The record discloses plaintiff leased the land involved to defendant for a term of five years under a written contract which provided for termination of the lease without notice on December 31, 1953. On November 30, 1953, plaintiff served defendant with written notice to surrender the premises on or before the expiration date. Defendant ignored the notice to terminate the tenancy and held over after expiration of the lease. Plaintiff then served the statutory three day notice, 39 O.S.1951 § 395, upon defendant, and thereafter sued defendant for unlawful detainer. Judgment was entered in the justice of the peace court finding defendant not guilty of unlawful detainer and plaintiff appealed to the district court.

When the case came on for trial a jury was empaneled and plaintiff's counsel made his opening statement and announced that with the court's permission, following defendant's opening statement, he would make an additional statement. Defendant's opening statement was that in defense to the action he relied upon an alleged oral agreement between himself and plaintiff that he might hold possession after expiration of the written lease, which had been executed only as a matter of convenience between the parties; and, in reliance upon

the oral agreement defendant had greatly improved the property.

Thereafter, over defendant's objection, the trial court permitted plaintiff's counsel to make an additional statement rebutting defendant's theory of the case as expressed in the opening statement. The plaintiff then introduced evidence in support of his theory of the case, and thereupon announced rest.

Defendant's evidence established that he was in possession of the property, and that he had held possession under the lease contract. Defendant then sought to testify regarding the alleged oral agreement. After some argument out of presence of the jury defendant made an offer of proof that, during the lease term, the parties had entered into an oral agreement that defendant should hold the property an additional 5 year term; in reliance thereon defendant had made extensive improvements upon the property, and under 16 O.S.1951 § 11 such defense should be held good and plaintiff be adjudged estopped to deny defendant's claim to the right of possession of this property. Defendant offered no further evidence. Plaintiff objected to the offer of proof upon the ground the alleged oral contract was within the Statute of Frauds and therefore void and unenforceable; and, further, because defendant did not contend there had been a surrender of possession and subsequent re-entry under the alleged contract. Plaintiff's objections were sustained, as was the motion for directed verdict. Both parties waived the entry of a formal jury verdict and the trial court thereupon entered judgment in plaintiff's favor for possession of the premises.

■■ Defendant urges two propositions as grounds for reversal of the trial court's judgment. The first contention is that the court's action in permitting plaintiff's counsel to make additional opening statement constituted an abuse of discretion which was prejudicial to defendant. We are of the opinion this argument is without substantial merit. Defendant is correct, of course, in the assertion that the statute, 12 O.S.1951 § 577 provides for the order of trial after the jury has been sworn. However, it is unnecessary to consider the defendant's claim of prejudice resulting from the trial court's action in this particular instance. Except in unusual circumstances where, as is permitted by the statute, supra, the trial court might assign a special reason for varying the order of the trial, undoubtedly orderly procedure requires that the normal order of trial be followed. However, the statutory requirements not only provide for orderly trial procedure, but likewise serve as safeguards against prejudicing the rights of either party. As pointed out, the issues herein were disposed of without necessity of a jury determination. Under these circumstances it is impossible to see in what manner defendant could have been prejudiced by the trial court's action, since the court's judgment was based solely upon a question of law. We recognize and apply the rule that errors in practice or procedure which do not affect substantial rights of the parties are considered harmless on appeal. R & S Auto Service v. McGill, 205 Okl. 495, 238 P.2d 1089. No showing is made as to wherein defendant was prejudiced by the trial court's action. If any error inhered in this respect it was, at most, harmless and does not require reversal of the judgment.

Defendant's second contention is based upon the asserted inapplicability of the Statute of Frauds, 15 O.S.1951 § 136, subd. 5, to the present case. The pertinent portion of the statute provides:

"Statute of frauds.—The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent. * * *.

"5. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

The argument is that the oral agreement extending the written lease, by reason of which defendant made valuable, permanent

improvements, was not violative of the statute, supra; and the trial court erred in refusing to permit defendant to introduce evidence to prove the oral agreement. Defendant urges that the rule enunciated in Lacy v. Wozencraft, 188 Okl. 19, 105 P.2d 781, is controlling herein, and that plaintiff should be held estopped to assert the invalidity of the oral agreement by reason of the Statute of Frauds.

The rule is that an oral contract for a lease of real property for more than one year, the lease to begin in the future, is within the Statute of Frauds and void. National Bank of Hastings v. Pierce, 94 Okl. 153, 221 P. 111; McFarland v. T. W. Lanier & Brother, 50 Okl. 336, 150 P. 1097. Unless the principle in the Lacy case, supra, may be said to have provided an exception to the general rule to which we adhere it is clear defendant's position is untenable.

Defendant points out that the principle announced in the Lacy case, supra, was first recognized in McMonigle v. Poorhorse, 174 Okl. 534, 51 P.2d 288. It is unnecessary to discuss either case at length. The McMonigle case, supra, distinctly recognizes that continued possession after termination of the written contract, coupled with slight expenditures and improvements, are not such acts of part performance as will relieve an oral contract from operation of the Statute of Frauds.

The Lacy case recognizes that under some circumstances acts of part performance may relieve an oral contract from operation of the statute upon the grounds of estoppel. But, the rule announced applies only to instances where possession of the tenant asserting the oral agreement clearly appears to have been taken by virtue of the oral agreement. The facts in the Lacy case, supra, disclose the tenant held possession as a tenant at will. In such instances it is obvious the tenant's possession results from the oral agreement.

In Johnston v. Baldock, 83 Okl. 285, 201 P. 654, syllabus 4 states the following rule:

"The possession necessary to take an oral contract for the sale of real estate out of the statute of frauds must be clearly shown by the evidence to refer to and result from, and to have been taken and entered into by virtue of the contract. A prior possession taken under a lease and continued without a surrender of the premises and a re-entry under the contract to purchase, is wholly insufficient and of no avail, to take the oral contract out of the statute of frauds."

This rule has been reiterated numerous times. And, in the Lacy case, supra, recognizes the effect thereof by the following language, 188 Okl. at page 21, 105 P.2d at page 784:

" * * * But this and the other two decisions last mentioned do not imply that the promisor in an oral agreement affecting real estate may not be estopped to interpose the statute where he has knowingly and without protest or warning permitted the other party in rightful possession and in reliance upon the agreement to so change his position that to deny him relief would result in fraud or other injustice."

It was disclosed that whatever improvements defendant might have made to this land occurred during the period when he occupied the property under a written lease. No claim was made that the premises had been surrendered, or that he had accomplished a re-entry and taking possession thereof under such alleged agreement. His own testimony disclosed that his possession rested solely upon the written lease. This was not such possession as is required to take an oral contract for the lease of land for a term in excess of one year out of the operation of the Statute of Frauds. The state of the evidence disclosed the absence of any question for the jury to determine. In such instances it is the duty of the trial court to direct a verdict upon proper request. Geschwind v. Brorsen, 208 Okl. 683, 258 P.2d 619. Also see 22 Am.Jur., Forcible Entry & Detainer, Sec. 45.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and HALLEY and BLACKBIRD, JJ., concur.

WELCH, DAVISON and JACKSON, JJ., dissent.

WELCH, Justice (dissenting).

I dissent because I think this decision is contrary to the rule of Lacy v. Wozencraft, 188 Okl. 19, 105 P.2d 781, and authorities therein cited.