James O. FUNK and Gerald Fitzgerald, Plaintiffs in Error,

v.

ANDERSON–ROONEY OPERATING CO., and Ninth and Detroit Building Corporation, a corporation, Defendants in Error.

No. 41482.

Supreme Court of Oklahoma.

Nov. 29, 1966.

Rehearing Denied Jan. 31, 1967.

466

Farmer, Woolsey, Flippo & Bailey, Tulsa, for plaintiffs in error.

David M. Thornton, Jerry L. Goodman, Tulsa, for defendants in error.

IRWIN, Justice.

Plaintiffs in error, herein designated as plaintiffs, commenced proceedings against defendants in error, referred to as defendants, to recover damages for breach of an oral contract to lease office space for a term of three years. The trial court found that the oral contract relied upon by plaintiffs was in violation of the Statute of Frauds and that the evidence on the question of damages was too vague, uncertain and speculative to become the basis for a judgment in favor of plaintiffs and sustained defendants' motion for a directed verdict. Plaintiffs appeal from the order overruling their motion for a new trial.

Since the trial court sustained defendants' motion for a directed verdict we will consider as true all the evidence favorable to plaintiffs, together with all inferences reasonably to be drawn therefrom. See Sisler v. Whitten, Okl., 393 P.2d 497.

Prior to the commencement of these proceedings, plaintiffs rented and occupied offices on the sixth floor of the Mid-Continent Building in Tulsa, Oklahoma. Defendant North and Detroit Building Company owns the building and defendant Anderson-Rooney Operating Company operates and maintains the building, and plaintiffs were their tenants. During plaintiffs' occupancy of their offices on the sixth floor, they entered into an oral contract with defendants' agents to lease offices on the mezzanine floor of the building for three years to begin after the then tenants vacated and moved from such offices. Relying on the oral contract to lease, plaintiffs secured the services of a commercial artist who prepared a design for their new entrance and paid $35.00 for such services. They also negotiated for the purchase of certain draperies and rugs belonging to the tenant who was moving out of the offices and made the usual arrangements for moving into the new space. One of the plaintiffs also published a book showing the Mid-Continent Building as his address and it was necessary to insert a page in the books sold to show the change of address.

Thereafter, defendants' agents presented plaintiffs with a one year lease contract, with a slight increase on the monthly rental orally agreed upon, and in effect advised plaintiffs that they could not make a lease for three years and that the one year lease was the best they could do and that plaintiffs could take the one year lease or leave it. Plaintiffs refused to take the one year lease, moved into another building and this action was commenced to recover damages for breach of the oral contract to lease the property for a period of three years.

Plaintiffs recognize that their action is based upon an oral contract to give a lease and in order for them to recover they must eliminate from the defense, the Statute of Frauds, being Title 15 O.S.1961, Sec. 136, paragraph 5, which provides that an agreement for leasing for a longer period than one year must be in writing. This Court has construed this provision in a number of cases and held that an oral contract for the lease of real property for more than one year, the lease to commence in the future, is void under the Oklahoma Statute of Frauds. See Cauthron v. Goodwin, Okl., 287 P.2d 893; Stinchcomb v. Stinchcomb, 207 Okl. 59, 246 P.2d 727; McMonigle v. Poorhorse, 174 Okl. 534, 51 P.2d 288; National Bank of Hastings v. Pierce, 94 Okl. 153, 221 P. 111; McFarland v. T. W. Lanier & Brother, 50 Okl. 336, 150 P. 1097.

However, plaintiffs contend that defendants, by knowingly permitting the plaintiffs to incur certain obligations and make certain expenditures in anticipation of receiving a three-year lease, are estopped to assert

the statute of frauds as a defense, citing Lacy v. Wozencraft, 188 Okl. 19, 105 P.2d 781. In that case, defendant had occupied plaintiff's premises under a written lease contract for a term of three years. After the expiration of the lease defendant continued to occupy the premises for a period of one year during which time according to defendant's evidence, the plaintiff orally agreed to lease the premises to her for another three year term at the same rental previously paid, and that it was agreed between the parties that the contract be reduced to writing at the convenience of the plaintiff. The defendant offered evidence that in relying on the commitments of the plaintiff she had expended the sum of $1000.00 in remodeling the building to suit her stock of merchandise. The court held that the plaintiff by knowingly permitting the defendant to act upon the oral agreement to her *material* detriment was estopped to assert the defense of the statute of frauds. This Court in a later case, Cauthron v. Goodwin, supra, held:

"The possession necessary to take an oral contract for the lease of real estate out of the statute of frauds, must be clearly shown by the evidence to refer to and result from, and to have been taken and entered into by virtue of the contract. A prior possession taken under a lease and continued, without a surrender of the premises and a re-entry under the contract lease is wholly insufficient and of no avail, to take the oral contract out of the statute of frauds."

In discussing the Lacy case, in Cauthron v. Goodwin, supra, we said:

"The Lacy case recognizes that under some circumstances acts of part performance may relieve an oral contract from operation of the statute upon the grounds of estoppel. But, the rule announced applies only to instances where possession of the tenant asserting the oral agreement clearly appears to have been taken. by virtue of the oral agreement.

The facts in the Lacy case, supra, disclose the tenant held possession as a tenant at will. In such instances it is obvious the tenant's possession results from the oral agreement."

In McMonigle v. Poorhorse, 174 Okl. 534, 51 P.2d 288, we held:

"A tenant's continued possession after the termination of his written contract, coupled with slight expenditures in work and improvement on the premises, are not acts of part performance of an oral contract sufficient to relieve such contract from the application of the statute of frauds."

In the instant proceeding plaintiffs have never been in possession of or occupied the property involved and never made any improvements on the property whatsoever.

In B. F. C. Morris Co. v. Mason, 171 Okl. 589, 39 P.2d 1, we held:

"It is an indispensable element of equitable estoppel that a person relying thereon must have been induced to act or alter his position to his detriment or injury, and where equitable estoppel is relied on to preclude another from asserting the statute of frauds as a defense to an oral contract not to be performed within a year, such injury must be unjust and unconscionable, and such that there is no complete and adequate remedy at law available to the person asserting the equitable estoppel."

In the Morris case, supra, we said that the burden of proof is always on the party asserting an estoppel to both affirmatively plead and establish the same by competent evidence.

█ In analyzing the above cases we find that where A brings an action against B to recover damages for breach of an oral contract to lease property and A seeks to eliminate the Statute of Frauds as a defense on the grounds of equitable estoppel, the evidence necessary to invoke the doctrine of

equitable estoppel is measured by the detriment sustained by A in acting upon the oral contract or altering his position and not the benefits that he would have received under the oral contract.

■ The evidence that would be competent to invoke the doctrine of equitable estoppel with reference to damages sustained by the publication of the book was too vague, uncertain and speculative to form a basis for invoking such doctrine. As will be hereinafter shown and in harmony with what we have previously held, the difference in the lease rentals as orally agreed upon and that tendered by defendants in the written one year lease does not constitute a proper element of damages for the invocation of the doctrine of equitable estoppel. The other elements of damages which plaintiffs rely upon do not constitute a material detriment sufficient to invoke the doctrine of equitable estoppel and we can only conclude that plaintiffs have failed to sustain the burden of proof to invoke such doctrine against defendants.

Plaintiffs argue that the trial court erred in excluding the testimony of plaintiffs' expert witness on the value of the proposed business location that was the subject matter of the lease.

■ Although such testimony may have been admissible had plaintiffs sustained the burden of proving that they were entitled to invoke the doctrine of equitable estoppel, such evidence would not be admissible as evidence to invoke such doctrine. Since we have found that plaintiffs are not entitled to invoke the doctrine of equitable estoppel, the exclusion of such testimony does not constitute reversible error.

Judgment affirmed.

JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and HODGES, JJ., concur.

LAVENDER, J., concurs in results.