**NEWLAND v. FIRST NATIONAL BANK OF BUFFALO.**

No. 11252—Opinion Filed July 3, 1923.

1. **Bills and Notes—Bona Fide Holders— Mere Notice of Facts Putting on Inquiry.**

Bad faith, not merely a notice of circumstances sufficient to put a prudent man upon inquiry, is necessary to defeat the recovery by the holder of negotiable papers whose rights accrued before maturity.

2. **Same—Bona Fide Holder—Knowledge of Consideration.**

Knowledge that a note was given in consideration of an executory agreement of payee, which had not been peformed, will not deprive the indorsee of the character of a bona fide holder, unless he also has knowledge of the breach of the agreement.

3. **Corporation — Acts and Knowledge of Officers.**

A corporation is not bound by the acts, nor chargeable with knowledge, of one of its officers in respect to a transaction in which such officer is acting in his own interest.

4. **Trial—Directing Verdict.**

The court may direct a verdict for plaintiff or defendant as the one or the other may be proper, only where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict in opposition to it.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Harper County; Arthur G. Sutton, Judge.

Action on a promissory note by First National Bank of Buffalo against Jessie Newland. Judgment for plaintiff, and defendant appeals. Affirmed.

D. P. Parker, for plaintiff in error.

J. L. Griffith and S. A. Horton, for defendant in error.

Opinion by MAXEY, C. This is an action on a promissory note, executed by the plaintiff in error, payable to herself for the sum of $80 and interest. This note was indorsed by plaintiff in error and delivered to one Hodgson, who, two days after its execution, sold it to the defendant in error, the First National Bank of Buffalo. There was a trial in the justice court to a jury, which resulted in a judgment for the defendant. From this judgment, the plaintiff bank appealed to the district court of Harper county, where the case went to a jury, and at the conclusion of the evidence, the court directed a verdict for the plaintiff bank for the amount sued for, and a motion for new trial was filed and overruled, and the case appealed to this court to reverse the judgment of the district court.

The plaintiff in error has assigned three errors that she complained of being committed by the trial court. The first error is that the trial court erred in refusing certain instructions requested by the plaintiff in error. Inasmuch as the court directed a verdict for the plaintiff bank, we cannot see that this error need to be considered, especially as it is merged in the second assignment of error, which is that the court erred in directing a verdict for the plaintiff, and we will consider these two together. We have carefully read the entire testimony and the briefs of respective counsel, and while there is some testimony tending to show that E. C. Johnson, cashier of the plaintiff bank, was in some way connected with the Harper County Oil & Gas Company, to whom it is claimed the note sued on was given, and that Johnson's connection with the oil and gas company placed him in a position that he might have known of the defects complained of in the note, yet we are not prepared to say that Johnson knew of any defects in the note sued on, if there were any. There is no evidence to show that he communicated anything that he knew to the bank; and, therefore, the bank would not be bound by any knowledge that Johnson had that he did not communicate to the bank. This note was not payable to the Harper County Oil & Gas Company, but was payable to Jessie Newland, and by her indorsed in blank and delivered to Hodgson. There was nothing to call Johnson's attention to the fact that it was intended as an obligation to the Harper County Oil & Gas Company further than that Johnson knew that Hodgson was working for the Harper County Oil & Gas Company in selling stock. It is claimed by Jessie Newland that at the time she executed the note it was represented to her that the Harper County Oil & Gas Company would erect a derrick and commence drilling a well for oil within 90 days after the date of the note, and that if they did not commence the well within 90 days, she would not have to pay the note, but same would be returned to her. There is no evidence that this agreement, if there was such an agreement, was ever communicated to Johnson or the bank, and it is a principal of law, well settled, that knowledge that a note is given in consideration of an executory agreement of the payee, which has not been performed, will

not deprive the indorsee of the character of a bona fide holder, unless he also has knowledge of the breach of the agreement. There is no evidence, in our judgment, to sustain the contention of plaintiff in error, defendant below, that the bank had any knowledge of the alleged agreement between her and Hodgson. It is also a well-settled principle of law that a corporation is not bound by the acts, or chargeable with knowledge, of one of its officers in respect to a transaction in which such officer is acting in his own interest. So that if it is true, as alleged, that Johnson was a director in the Harper County Oil & Gas Company, and was acting in his own interest in buying the note sued on, that fact would not defeat a recovery on the note, unless it is shown that the bank had knowledge of the defect in the note, if there was any.

In the case of Security Trust & Savings Bank of Charles City, Iowa, v Gleichmann, 50 Okla. 441, 150 Pac. 908, this court reviewed the authorities in a similar case to the case at bar, and we think this case comes squarely within the rule laid down in that case.

Plaintiff in error complains that the court ruled out certain evidence offered by the plaintiff in error, but inasmuch as they have not set out the testimony they complain of that the court ruled out in their brief, and have wholly failed to comply with rule 25 of this court, we will adhere to the rule heretofore announced by this court in Scoville et ux. v. Powell et al., 33 Okla. 446, 126 Pac. 730, where the court said:

"The action of the lower court in the rejection or admission of evidence will not be reviewed by this court unless such evidence is set out in the brief of the plaintiff in error as required by rule 25 * * * and assigned as error by proper specification therein."

This court held to the same rule in Sherman Machine & Iron Works v. Cole Manufacturing Company, 51 Okla. 353, 151 Pac. 1181, Connelly et al. v. Adams et al., 52 Okla. 382, 152 Pac. 607.

We have carefully considered the second assignment of error; that is, the error complained of in the court directing a verdict for the plaintiff, and after a careful review of the testimony, we are unable to find any testimony whatever that the bank had any knowledge of any defect in said note, or any secret agreement existing between the maker and the indorsee of said note, and under the rule of this court, which holds that the court may direct a verdict only where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict in opposition to it, we think the court was justified in directing a verdict for the plaintiff, and there was no error in so doing; and the judgment of the lower court should be affirmed.

Defendant in error filed a motion to dismiss the appeal in this case on the ground that the plaintiff in error had not assigned the overruling of the motion for a new trial as error. Since the filing of that motion, plaintiff in error has obtained leave of the court to file an amended petition in error, in which she has alleged the overruling of the motion for a new trial as error, and the same has had due consideration, and the motion to dismiss the appeal, will, therefore, be denied.

By the Court: It is so ordered.