## B. F. C. MORRIS CO. v. MASON.

No. 23156. Nov. 13, 1934.

Rehearing Denied April 16, 1935.

Everest, McKenzie, Halley & Gibbons, for plaintiff in error.

Allen & Jarman, for defendant in error.

PER CURIAM. This action was commenced in the district court of Oklahoma county, Okla., on the 12th day of September, 1930, when L. M. Mason, defendant in error herein, hereinafter referred to as plaintiff, filed a petition against the B. F. C. Morris

Company, a corporation, plaintiff in error herein, hereinafter referred to as defendant (the positions occupied by the respective parties in the trial court), alleging, in substance, that B. F. C. Morris was the owner of a greenhouse business in Oklahoma City, Okla., and that on or about the 24th day of May, 1927, he (Morris) submitted an oral proposition to this plaintiff by the terms of which this plaintiff was to be employed as general manager and supervisor of said greenhouse business located in Oklahoma City, Okla., for a period of ten (10) years, commencing July 1, 1927, at an average salary of $4,000 per year, but in a graduated sum yearly, ranging from $2,700 for the first year to a final salary of $5,400 per year for the tenth year, the salary each year to be increased by the sum of $300; and further alleging that on the strength of the said oral proposition so submitted, plaintiff left his home in Danville, Ill., on or about the 15th day of June, 1927, and came to Oklahoma City, Okla., for the purpose of inspecting the business and the greenhouse plant, and, after viewing the same and considering the representations made by the said B. F. C. Morris regarding the said business, the plaintiff orally accepted the said oral proposition of employment, and immediately returned to his home in Danville, Ill., and began to make preparations to and did move his family to Oklahoma City, Okla., and took charge of the said plant and greenhouse business under the said oral agreement, and at the salary therein specified, on the 10th day of July, 1927, and that he continued to work under the said oral contract for the said B. F. C. Morris personally until about January 1, 1928, when the B. F. C. Morris Company, a corporation, was organized and took over the business, and that thereafter the plaintiff continued to discharge his duties as general manager for said corporation (plaintiff in error) until about the 1st of July, 1930, when said B. F. C. Morris Company, defendant, terminated his relationship with the said company, but permitted him to act on under a special arrangement until the last day of August, 1930, at which time they finally dispensed with his services, and that by reason of said unlawful acts on the part of the defendant in so discharging him, he was damaged in the sum of $31,500, and $400 additional for moving expenses from Danville, Ill., to Oklahoma City, Okla. Plaintiff further alleged that at the time of the submission of said oral proposition, he was employed at the rate of $200 per month, working on commission basis for some florist supply concern, which position he resigned to take the one in question herein. Defendant demurred generally, and specifically, and raised the statute of frauds in that the contract herein sued upon and made the basis of this action was alleged to be an oral contract and could not be performed within one year. This demurrer was by the court overruled, and the defendant filed answer, generally denying all the material allegations of the petition, admitting its corporate existence, and specifically denying any contract or agreement for employment with the plaintiff, except an agreement that he was to work for said defendant on a month-to-month basis, and denying that the defendant had any knowledge of any 10-year contract, oral or otherwise, between the said L. M. Mason and B. F. C. Morris, or the defendant corporation itself. Defendant then filed an amendment to its answer, pleading that plaintiff had failed to seek any other employment since his discharge from the defendant company and that by reason of his failing so to do, he was barred from recovery herein. The cause was duly tried to a jury, and verdict rendered for the plaintiff for the sum of $2,700. Both plaintiff and defendant filed motion for new trial, and the defendant filed its motion for judgment non obstante veredicto, all of which were by the trial court overruled and judgment entered on the verdict, and this appeal was perfected to this court by the defendant, the B. F. C. Morris Company, a corporation.

The undisputed facts in this case are that the original oral contract herein relied upon, if the same were ever made, was made between the plaintiff, L. M. Mason, and one B. F. C. Morris as an individual, which contract the said B. F. C. Morris, as a witness for the defendant, denied, and the plaintiff, according to his own testimony, went to work for the said B. F. C. Morris without any further contract or agreement, and never again discussed the matter as to the terms of his employment, either with the said B. F. C. Morris or the defendant herein, until he was discharged by the said defendant. There is nothing in the record whatever to indicate in this case that at the time the defendant, the B. F. C. Morris Company, a corporation, was incorporated and took over the said business, or at any time thereafter, it ever had any knowledge of such oral contract or agreement between the plaintiff and the said B. F. C. Morris, although the

plaintiff became the first secretary of the said B. F. C. Morris Company, and B. F. C. Morris became its first president, and each was a stockholder and director in the said company.

It is a well-settled principle of law in this state that a corporation is not bound by the acts, or chargeable with knowledge of one of its officers in respect to a transaction in which such officer is acting in his own interest. So that, if it is true, as alleged by plaintiff, that B. F. C. Morris became the president and director of the B. F. C. Morris Company, and the plaintiff the secretary thereof, as well as a director, these facts alone would not impute knowledge to the corporation of the existence of any private agreement between the plaintiff and the said B. F. C. Morris made and entered into prior to the incorporation of the said company, so as to bind the corporation, unless it be shown that the defendant corporation, in some manner, had knowledge of the alleged agreement theretofore made between the plaintiff and the said B. F. C. Morris. Newland v. First National Bank of Buffalo, 91 Okla. 169, 216 P. 932.

The record is silent as to the plaintiff herein ever having discussed his salary standing or future employment with the said B. F. C. Morris Company in any of the meetings of the said B. F. C. Morris Company until after plaintiff was given notice of discharge. The record is quite voluminous regarding the ability of the plaintiff to perform his services for which he was employed, but it would serve no useful purpose to review the same here.

Defendant in error in his answer brief summarizes this action as follows:

"Plaintiff's case is based on the theory that the representations made and the contract of employment were relied upon by plaintiff in good faith, and were acted upon by him in good faith; and by said representations and contract, which were well known to the defendant, who also knew plaintiff was in good faith relying and acting thereon, the plaintiff was misled to his detriment. Therefore, defendant is estopped to say that the contract comes within the statute of frauds, and that the plaintiff is not entitled to recover.

"Defendant's main contention is that the contract comes within the statute of frauds, sec. 5034. C. O. S. 1921, precluding recovery by plaintiff."

Again, defendant in error, in his response to supplemental brief of plaintiff in error, states:

"We have always considered that the contract in the instant case was within the statute of frauds, but we contended further that the plaintiff in error is equitably estopped to plead the statute of frauds against the contract."

It will thus be seen that the issue in this case narrows itself down to the one proposition that the oral contract on which this action is based is void and nonenforceable because of the statute of frauds, supra, unless the defendant is precluded from asserting such defense.

Plaintiff seems to have confused the issues herein by part of the time attempting to assert that defendant ratified the oral contract, and at another time asserting that defendant was equitably estopped from denying it.

There is a wide difference between the doctrine of ratification and the doctrine of estoppel; the former being based upon the fact of intention to carry out the terms of a certain contract, and the other based upon the right of a party to deny the existence of said agreement by reason of his acts and doings by which the other party was misled. 21 C. J. 1115.

We can find nothing in the record that would in any way support the claim of plaintiff that said oral contract was ratified by the defendant corporation, and, if the plaintiff is to prevail, it must be by reason of the law of estoppel, which would prevent the defendant from denying the existence of such oral agreement.

This court, in a recently decided case styled St. Louis Trading Co. v. Barr, 168 Okla. 184, 32 P. (2d) 293, said:

"It is an indispensable element of equitable estoppel that the person relying thereon must have been induced to act or alter his position to his detriment or injury, and where equitable estoppel is relied upon to preclude another from asserting the statute of frauds as a defense to an oral contract not to be performed within a year, such injury must be unjust and unconscionable, and such that there is no complete and adequate remedy at law available to the person asserting the equitable estoppel."

There is nothing in the record whatever to justify any claim that the plaintiff changed his position in any way, since he had already moved to Oklahoma City, Okla., several years prior to the organization of

the defendant company, against whom he seeks to enforce the contract,—no showing that the plaintiff suffered any detriment by reason of resigning his position in Danville, Ill., which, according to the record, was on a commission basis, subject to be terminated on notice, and no showing at all that the defendant corporation, in any way, had any knowledge of the said purported oral agreement, or did anything to mislead the plaintiff in any way to his detriment. The plaintiff in this case wholly failed to establish any "unjust or unconscionable injury," and, as far as we can ascertain from the record, it might as well be said that plaintiff was benefited by moving to Oklahoma City, Okla., rather than injured, since the facts disclose that he had regular employment for several years, when at Danville, Ill., under the position which he resigned, he had no assurance of more than the coming month's business or employment, and the record is silent as to what he got for his properties or what incumbrance, if any, there was against it, or as to the value thereof; but, on the other hand, the record is abundantly full of testimony on behalf of plaintiff himself that he failed, by reasons probably best known to himself, to have his contract of employment with the defendant corporation ever reduced to writing, or incorporated in the minutes of the defendant corporation, or even caused the same to be discussed in a stockholders' meeting, or at a directors' meeting, although he was both a stockholder and director, and, at one time, secretary of the said defendant corporation.

The burden of proof is always on the party asserting an estoppel to both affirmatively plead and establish the same by competent evidence, and the requisite essential of an equitable estoppel being wholly absent from this record, it follows that the defendant corporation is not precluded from asserting the defense of the statute of frauds, and since the said oral contract is not only void at law under the statute of frauds, supra, but admitted to be void by all of the parties herein of record, it follows that the judgment of the trial court must be reversed, with directions to enter judgment for the defendant.

It is so ordered.

The Supreme Court acknowledges the aid of Attorneys John F. Pendleton, Fred M. Carter, and Hayes McCoy, in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Pendleton, and approved by Mr. Carter and Mr. McCoy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

Supplemental Opinion on Rehearing.

WELCH, J. We are convinced that our former opinion arrives at the proper conclusion and must stand. As originally drafted, our per curiam opinion was in error in stating the plaintiff had moved to Oklahoma several years before the corporation was organized. The records show plaintiff had moved here prior to final organization of the corporation, but as to exact time, he had been here several months instead of several years, in so far as that is material.

If the plaintiff suffered any detriment in anticipation of permanent employment in Oklahoma, that occurred when he departed from Danville, Ill., and came to Oklahoma.

If he suffered that detriment in reliance upon any contract, that was a contract entered into between himself and Mr. Morris before any legal step had been taken to create the corporation. The B. F. C. Morris Company, a corporation, was a different entity or legal person from Mr. Morris, the individual.

The record not only justifies, but requires the conclusion that the plaintiff did not move to Oklahoma, nor take any step to his detriment, in reliance upon any contract with the corporation, or upon any act of the corporation. He never had any contract with the corporation, and he came to Oklahoma before the corporation was organized. Indeed, when the corporation was organized he was here and became one of the directors of the corporation. He was a stockholder to the extent of $25,000.

Whatever contract the plaintiff had with any one he had with Mr. Morris individually. Plaintiff contended it was an oral ten-year employment agreement; this was disputed. At any rate, plaintiff came here and started work for Mr. Morris as manager and supervisor of his greenhouse business. His salary was paid monthly. Thereafter the defendant corporation was organized, with Mr. Morris as president and one of the directors, and the plaintiff also a stockholder and director. Thereafter Morris conveyed the greenhouse properties to the corporation, and the plaintiff continued to act as manager of the greenhouse busi-

ness for the corporation. To some extent, then, he was his own employer. It is true that Mason, as a director of the corporation, knew what he himself claimed as to his prior oral contract with Morris, and it is true that Morris, as another director of the corporation, knew what he contended as to Mason's prior employment, but there is nothing there to charge the corporation with liability. To hold otherwise would unjustly penalize the other stockholders. No mention of any contract with Mason appears in the corporate records. When the corporation took over the greenhouse properties there was no assumption of any of Morris' contractual obligations with Mason. Although for more than two years Mason managed the greenhouse business for the corporation, he had no contract with the corporation; no mention of any such contract was made in the corporate records or meetings. So far as those records or meetings were concerned, there was nothing to show that Mason as an employee contemplated holding the corporation on any ten-year employment contract, nor that either Mason or Morris as a director of the corporation recognized any liability existing against the corporation as to any such contract. Later, when the controversy arose which resulted in Mason's discharge, Mason did seek to hold the corporation to such a contract, but he had no right to do so. The corporation paid Mason for all of the work he did for the corporation. There was no contract with the corporation whatever, no ratification by the corporation of any contract between Mason and Morris, no assumption by the corporation of any such contract, no act of the corporation nor anything that could operate to estop the corporation from denying liability to Mason. The per curiam opinion is adhered to, and the petition for rehearing is denied.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. RILEY, J., absent.