Jerry D. **BROWN**, Appellant,

v.

**FOUNDERS BANK AND TRUST COMPANY, A Corporation,** Appellee.

No. 80346.

Supreme Court of Oklahoma.

Nov. 29, 1994.

As Corrected Dec. 15, 1994.

Rehearing Denied March 14, 1995.

---

W. Dan Nelson, Mary Gaye LaBoeuf, Oklahoma City, for appellant.

Joe E. Edwards, Jane S. Eulberg, Oklahoma City, for appellee.

KAUGER, Judge:

Three issues are presented: 1) whether, on appeal, a party must contest the procedural aspects of a motion to dismiss with prejudice for failure to state a claim upon which relief may be granted to preserve substantive issues for review; 2) whether the requirement of 15 O.S.1991 § 140 [1] that credit agreements in excess of $15,000.00 be in writing will bar a cause of action for fraud; and 3) whether the alleged facts may be sufficient to support a finding of a violation of the Bank Tying Act (Tying Act), 12 U.S.C. § 1971 (1989) et seq.

1. Title 15 O.S.1991 § 140 provides in pertinent part:

"A. As used in this section:
1. 'Credit agreement' means an agreement by a financial institution to lend money, extend credit or otherwise make any other financial accommodation, or to renew, extend, modify, rearrange or forebear the repayment of any such loan, extension of credit or financial accommodation, but does not include any promissory note, real estate mortgage, or security agreement.
2. 'Financial institution' means any bank, savings and loan association, or credit union, or any holding company or subsidiary thereof.
3. 'Lender' means a financial institution that makes a credit agreement with a borrower.
4. 'Borrower' means a person who seeks a credit agreement with a lender or financial institution as defined herein or to whom money is loaned, credit is extended, or any other financial accommodation is made or for whom any such loan, extension of credit or financial accommodation is renewed, extended, modified, rearranged or forborne by a lender or financial institution as defined herein.
B. No lender or borrower may maintain an action to enforce or seek damages for the breach of any term or condition of credit agreement having a principal amount greater than Fifteen Thousand Dollars ($15,000.00), unless such term or condition has been agreed to in writing and signed by the party against whom it is sought to be enforced or against whom damages are sought...."

We find that: 1) an order dismissing a cause with prejudice entered pursuant to 12 O.S. 1991 § 2012(G)[2] constitutes a final appealable order from which the merits of the substantive claim for relief may be reviewed; 2) the requirement of 15 O.S.1991 § 140 that credit agreements in excess of $15,000.00 be in writing will not bar a cause of action for fraud; and 3) allegations that a violation of 12 U.S.C. § 1972 (1989)[3] resulted in damage to the borrower coupled with a claim for relief are sufficient to satisfy the pleading requirements of 12 O.S.1991 § 2008(A).[4]

## ALLEGED FACTS[5]

This action arises from an agreement entered in 1990 to construct a truck stop in Oklahoma City. After managing a successful truck stop and restaurant (original location) for twenty-four years, the appellant, Jerry D. Brown (Brown/borrower), entered an agreement with Terry and Gary Spencer (Spencers) to create I–35 Truck Stop, Inc. The Spencers contacted Brown before August, 1990; and they advised him that the appellee, Founders Bank & Trust Company (Founders/bank/lender), was interested in developing a truck stop at N.E. 120th and I–35 (new location). Although Founders dictated the location of the proposed truck stop, the bank did not disclose that it owned the property targeted for development.

The Spencers and Brown contracted for the construction, funding and management for the proposed truck stop; and a loan agreement was finalized with Founders. As a condition of the loan, Founders required that Brown assign all the inventory, the accounts receivable and the assets of the original location to the new business. Additionally, the bank demanded that Brown guarantee two promissory notes in the amount of $1,784,000.00. Founders also required that the loan be assigned or guaranteed by the Small Business Administration. As a further condition to the loan, Brown was required to keep his original truck stop in operation during construction of the N.E. 120th location.

A number of problems arose during construction. Brown alleges that Founders induced him to continue with the construction project through oral misrepresentations. He contends that the bank promised that: 1) it would provide additional financing once the small business loan was in place; 2) it would not require strict adherence to the repayment schedule during the first year; and 3) it would assist in funding the operation of Brown's original truck stop and with the new location. Brown insists that the bank's representations were not fulfilled. He asserts that Founders did not advance funds guaranteed for the construction of a restaurant at

2. Title 12 O.S.1991 § 2012(G) provides:

"G. FINAL DISMISSAL ON FAILURE TO AMEND. On granting a motion to dismiss a claim for relief, the court shall grant leave to amend if the defect can be remedied and shall specify the time within which an amended pleading shall be filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect. In such cases amendment shall be made by the party in default within a time specified by the court for filing an amended pleading. Within the time allowed by the court for filing an amended pleading, a plaintiff may voluntarily dismiss the action without prejudice."

3. Title 12 U.S.C. § 1972 (1989) provides in pertinent part:

"(1) A bank shall not in any manner extend credit, lease or sell property of any kind, or furnish any service, or fix or vary the consideration for any of the foregoing, on the condition or requirement—

(A) that the customer shall obtain some additional credit, property, or service from such bank other than a loan, discount, deposit, or trust service ..."

4. Title 12 O.S.1991 § 2008(A) provides in pertinent part:

"A. CLAIMS FOR RELIEF. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain:
1. A short and plain statement of the claim showing that the pleader is entitled to relief; and
2. A demand for judgment for the relief to which he deems himself entitled...."

5. We note that the facts outlined were admitted by Founders' only for purposes of the motion to dismiss. The motion provides in pertinent part:

"... Even assuming *arguendo* that the facts asserted by Plaintiff are true, Plaintiff has patently failed to state any cause of action upon which relief may be granted...." (Emphasis in original.)

the new facility and that inadequate working capitol for both locations was provided. He also contends that Founders failed to pay creditors pursuant to a line of credit. Brown maintains that Founders insisted on the continued operation of his original truck stop and that he would not have incurred over $700,000.00 in debt in association with the operation absent Founder's promises. When the new location was forced to close for lack of funds and operating capitol, Brown lost his entire interest. However, because of the guaranteed small business loan, Founders' was not adversely affected by the closing.

Founder's filed a motion to dismiss Brown's original petition for failure to state a claim upon which relief can be granted pursuant to 12 O.S.1991 § 2012(G).[6] The motion to dismiss was sustained on June 9, 1992, and Brown was given until June 26, 1992, to file a second amended petition. An extension was granted *ex parte;* and Brown was allowed until July 28 to file. He did not do so until July 29, 1992.

The trial court sustained Founders' § 2012(G) motion to dismiss on August 28, 1992; and the journal entry of judgment was filed on September 18, 1992. The judgment indicates that the cause was dismissed for its failure to state a claim upon which relief may be granted rather than because the second amended petition was filed one day out of time.[7] The Court of Appeals affirmed. It held that Brown waived any opportunity to address the substantive issues of his appeal by not addressing the issue of the propriety of the dismissal either in his petition in error or in his brief. We granted certiorari on March 4, 1994.

**6.** Title 12 O.S.1991 § 2012(G), see note 2, supra.

**7.** The journal entry of judgment provides in pertinent part:
"... The Court further carefully reviewed Plaintiff's Second Amended Petition and compared it to the previously dismissed First Amended Petition and to the Original Petition. The Court further finds and concludes there are no material changes in the Second Amended Petition, and accordingly the Second Amended Petition should be dismissed.
The Court further finds that the facts and circumstances alleged by Plaintiff do not support a cause of action against Founders for which relief can be granted...."

## I.

### AN ORDER DISMISSING A CAUSE WITH PREJUDICE ENTERED PURSUANT TO 12 O.S.1991 § 2012(G) CONSTITUTES A FINAL APPEALABLE ORDER FROM WHICH THE MERITS OF THE SUBSTANTIVE CLAIM FOR RELIEF MAY BE REVIEWED.

■ Brown argues that his failure to address the procedural matters associated with the trial court's dismissal with prejudice is not prejudicial to a consideration of the merits of his cause. Instead, he insists that the dismissal of his cause for failure to state a claim upon which relief may be granted with prejudice pursuant to 12 O.S.1991 § 2012(G) [8] provides the opportunity for the appeal of a final judgment. Founders asserts that Brown's failure to challenge the dismissal limits authority on appeal to consider the substantive issues of the instant cause. We disagree. The dismissal merely constitutes a final appealable order from which the merits of the substantive claim for relief may be reviewed.

■ The issue presented is what effect the dismissal had on the consideration of the substantive issues presented. When the trial court granted Founders' initial motion to dismiss with leave to amend, Brown could not have appealed on the merits of his claim. Such an order is interlocutory; it is not a final judgment. The order may ripen into a final judgment upon the motion of an adverse party if the pleading is not amended within the time set by the trial court.[9] A motion to

**8.** Title 12 O.S.1991 § 2012(G), see note 2, supra.

**9.** *Kelly v. Abbott,* 781 P.2d 1188, 1191 (Okla. 1989). See also, *Frazier v. Bryan Memorial Hosp. Auth.,* 775 P.2d 281, 285 (Okla.1989). Committee Comment to 12 O.S.1991 § 2012(G), see note 2, supra, provides in pertinent part:
"... Subsection G of 2012, which provides for final dismissal on failure to amend, has no counterpart in the Federal Rules of Civil Procedure. Some federal cases hold that a dismissal under Federal Rule of Civil Procedure 12(B)(6) can be on the merits and have the effect of invoking the principles of res judicata to bar any further attempt to present the same

dismiss for failure to state a claim upon which relief can be granted may not be sustained unless it appears without doubt that the plaintiff can prove no set of facts in support of the claim entitling relief.[10] Therefore, if a motion to dismiss is granted for failure to state a cognizable claim after opportunity for amendment, the precise issue presented on appeal is whether the facts pled may support a claim for relief.

 Rules of pleading both at the trial and the appellate levels have been liberalized to allow courts to focus attention on the substantive merits of the dispute rather than upon procedural niceties.[11] *Gunn v. Consolidated Rural Water & Sewer Dist. No. 1*, 839 P.2d 1345, 1347 (Okla.1992) is instructive. In *Gunn*, the plaintiff-appellant elected to stand on his petition which was dismissed by the trial court. On appeal, we considered the merits of the cause. Where, as in *Gunn* and here, the issue is the substance of the claim and not the trial court's authority to enter the order of dismissal, it is unnecessary to argue on appeal the procedural aspects of the dismissal. Dismissal of the action merely results in a final judgment ripe for determination of the substantive issues on appeal.[12] An order dismissing a cause with prejudice

entered pursuant to 12 O.S.1991 § 2012(G)[13] constitutes a final appealable order from which the merits of the substantive claim for relief may be reviewed.

## II.

### THE REQUIREMENT OF 15 O.S.1991 § 140 THAT CREDIT AGREEMENTS IN EXCESS OF $15,000 BE IN WRITING WILL NOT BAR A CAUSE OF ACTION FOR FRAUD.

 Brown acknowledges that the agreement with Founders is a credit agreement within the meaning of 15 O.S.1991 § 140[14] and that, under the statute, agreements in excess of $15,000.00 must be in writing to be enforceable. However, he insists that the necessity of a writing may be avoided in the instance of a claim for fraud. Founders argues that no fraud was committed; and it asserts, in any case, that the lack of a writing outlining the terms and conditions of the agreement bars any action on the borrower's part.

Our research reveals no case in which courts have allowed a borrower to avoid the statute of frauds for credit agreements by alleging fraud.[15] However, a federal court

claim.... This new subsection specifies what action the court should take upon granting a motion to dismiss, thereby simplifying and clarifying an area of law that has been troublesome in Oklahoma. It also changes Oklahoma law in that it provides for dismissal with prejudice upon an inexcusable failure to amend. Previous Oklahoma law provided for dismissal to be without prejudice where a plaintiff failed or refused to comply with a proper order.... The policy of the Oklahoma Pleading Code of deciding cases on the basis of the substantive rights involved rather than technicalities requires a plaintiff to be given every opportunity to cure a formal defect in his pleading. Under subsection G of Section 2012 the court must allow the plaintiff an opportunity to amend the petition within a specified time and should not dismiss the action, unless it appears to a certainty that the plaintiff cannot state a claim. Only if the plaintiff does not amend within the prescribed time will the action be dismissed with prejudice. Moreover, a plaintiff can dismiss the action without prejudice before the time to amend has expired...."

10. *Wilson v. Still*, 819 P.2d 714, 716 (Okla.1991); *Frazier v. Bryan Memorial Hosp. Auth.*, 775 P.2d 281, 287 (Okla.1989).

11. *Markwell v. Whinery's Real Estate, Inc.*, 869 P.2d 840, 842 (Okla.1994). See also, *Green v. Huff*, 636 P.2d 907, 909 (Okla.1981); *Northwestern Nat'l Life Ins. Co. v. Highley*, 416 P.2d 932, 934 (Okla.1966).

12. *Kelly v. Abbott*, see note 9, supra.

13. Title 12 O.S.1991 § 2012(G), see note 2, supra.

14. Title 15 O.S.1991 § 140, see note 1, supra.

15. Two courts have refused to recognize the application of equitable defenses to the writing requirement for credit agreements. *Norwest Bank Lakewood v. GCC Partnership*, 886 P.2d 299 (Colo.App.1994) (Statutory scheme specifically eliminated certain equitable defenses. Not officially released for publication.); *Becker v. First American State Bank*, 420 N.W.2d 239, 241 (Minn.Ct.App.1988). In the case of *Norwest*, the statutory scheme specifically eliminated certain equitable defenses such as fiduciary relationships, performance or partial performance and promissory estoppel. Colo.Rev.Stat. § 38–10–124 (1989), see note 30, infra. This specific address of the equitable defenses appears to be

applying Minnesota law has recognized that the doctrines of fraud and equitable estoppel may be invoked, under proper circumstances, to enforce or avoid a credit agreement otherwise required to be in writing. In *Pako Corp. v. Citytrust*, 109 B.R. 368, 377–79 (D.Minn.1989), the borrower sued the lender on the basis of alleged oral promises in association with a credit agreement. Pako contended that the borrower agreed to assignment and transfer of rights under the loan agreement to a third party, to keep a $100,000 balance outstanding under a note until some time in the future, and to reinstatement of the note after cancellation. Citytrust did not honor these alleged promises. The federal court refused to apply the doctrines of equitable estoppel or fraud in circumstances where there were no allegations of unfair dealing or deception.[16] The *Pako* case does not foreclose the possibility of application of equitable doctrines to avoid an agreement required to be in writing by the credit agreement statute of frauds. Instead, it implies that certain facts may support an action based on fraud—where there are allegations of fraudulent or material misrepresentations.

■■■■ The allegations of wrongdoing missing in *Pako* are present here. Brown contends that Founders failed to reveal its ownership of the property identified as the location of the second truck stop. His first amended petition also contains allegations that the bank made false, fraudulent and material misrepresentations during construction and before closing of the business. These purported promises concerned guarantees of reimbursement after the small business loan was in place, that additional operating capitol would be supplied and that strict compliance with the repayment schedule would not be required. Brown insists that the bank failed to honor promises to his suppliers, to provide a line of credit, and to approve financing to construct a restaurant at the new location. He contends that he relied and acted upon these misrepresentations losing the interest in the new location when Founders foreclosed and incurring a debt of $700,000.00 in maintaining and operating the original location.[17]

■■■■ Statutes similar to 15 O.S.1991 § 140 have been enacted to protect lenders from liability for actions or statements a lender might make in the context of counseling or negotiating with a borrower which the borrower construes as an agreement. They are intended to discourage lender liability litigation and to promote certainty into credit agreements.[18] The statutes are intended as

---

unique. W. Medlock, "Stemming the Tide of Lender Liability: Judicial & Legislative Reactions," 67 Den.U.L.R. 453, 476 (1990). Oklahoma commentators have indicated credit agreements not evidenced by a writing may be used defensively. A. Harrell, P. Pierce, III, "Ten Important Trends & Developments in Commercial & Consumer Law," 63 O.B.J. 1555–556 (1992).

16. See also, *Fronning v. Blume*, 429 N.W.2d 310, 314 (Minn.Ct.App.1988) (Argument that course of dealing took lender's action out of credit agreement statute of frauds did not require application of the doctrine of equitable estoppel.).

17. Founders argues that Brown did not plead fraud with sufficient specificity. Title 12 O.S. 1991 § 2009 provides in pertinent part:
 "... B. FRAUD, MISTAKE, CONDITION OF THE MIND. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally...."
This section requires only the degree of specificity necessary to enable the opposing party to prepare his responsive pleadings and defenses.

"Particularity" does not mean the plaintiff has to plead detailed evidentiary matters. *Gay v. Akin*, 766 P.2d 985, 993 (Okla.1988). Measured by this standard, Brown's amended petition adequately satisfies the requirements of § 2009. If proven, these allegations are sufficient to meet the elements of common law fraud—1) a false material misrepresentation; 2) made as a positive assertion which is either known to be false, or made recklessly without knowledge of the truth; 3) with the intention that it be acted upon; and 4) which is relied upon by a party to one's detriment. *Silver v. Slusher*, see note 26, infra; *Bras v. First Bank & Trust Co.*, see note 26, infra; *Dawson v. Tindell*, see note 26, infra. Fraud is never presumed; it must be proven by clear and convincing evidence. The question of whether the fraudulent acts occurred is for the trier of fact. *Tice v. Tice*, 672 P.2d 1168, 1172 (Okla. 1983).

18. *Brenowitz v. Central Nat'l Bank*, 597 So.2d 340, 342 (Fla.Dist.Ct.App.1992); Hickey, "Credit Agreements Required in Writing: The New Statute of Frauds," Fla.B.J. at 69 (June 1990).

a reform measure [19] to regulate the number and variety of causes arising as lender liability actions.[20] Despite the intended protection afforded lenders under these statutes, their goal should be to protect the lender against claims raised by sophisticated borrowers not unsophisticated individuals who either because of lack of representation or bargaining power fail to be in a position to insist that the full agreements be reduced to writing.[21] Statutes of frauds are enacted to prevent frauds not to perpetrate them.[22] Such statutes are not intended to be used as shield or breastwork for a wrongdoer. Remaining silent when the duty to speak exists may constitute a wrongful act.[23]

■ The issue of whether a claim of fraud may be used to avoid the writing requirement of 15 O.S.1991 § 140 for a credit agreement is one of first impression in Oklahoma. One jurisdiction has acknowledged that borrowers are not precluded from using equitable defenses in an action by the lender to enforce a credit agreement required to be in writing. However, the court refused to allow the same allegations to be used in the maintenance of an action by the borrower.[24] The Task Force drafting the model statute

opted not to preclude allegations of fraud, even if the fraud alleged is that the party against whom the action is brought did not intend to perform the alleged promise, undertaking, accepted offer, commitment, or agreement. The Task Force believed it unnecessary to prohibit allegations of fraud because of the standards necessary to prove its existence[25]—material misrepresentation knowingly or recklessly made with intent that it be relied upon with the result that the party relying on the false statements suffers damages.[26]

■ Generally, a statute of frauds does not abolish the common law remedy for fraud merely because the fraudulent misrepresentation is not in writing.[27] The common law is intact in Oklahoma to the extent that it has not been modified by the constitution, statutes, judicial decisions and the conditions and wants of the people.[28] It may not be abrogated by implication; rather, its alteration must be clearly and plainly expressed.[29] In enacting its credit agreement statute of frauds, the Colorado Legislature specifically included equitable defenses within the ambit of the statute.[30] Our Legislature could have

**19.** W. Medlock, "Stemming the Tide of Lender Liability: Judicial & Legislative Reactions," see note 15 at 456–57, supra.

**20.** J. Culhane, Jr., D. Garmlich, "Lender Liability Limitation Amendments to Statutes of Frauds," 45 Bus.Law. 1779 (1990).

**21.** Id. at 1786.

**22.** *B.F.C. Morris Co. v. Mason,* 171 Okla. 589, 39 P.2d 1, 4 (1935), *reh'g denied,* 171 Okla. 589, 43 P.2d 401 (1935); *Wells v. Shriver,* 81 Okla. 108, 197 P. 460, 483 (1921).

**23.** *Lacy v. Wozencraft,* 188 Okla. 19, 105 P.2d 781, 784 (1940).

**24.** *Crews v. State,* 603 So.2d 690, 692 (Fla.Dist. Ct.App.1992); *Brenowitz v. Central Nat'l Bank,* see note 18, supra.

**25.** J. Culhane, Jr., D. Gramlich, "Lender Liability Limitation Amendments to State Statutes of Frauds," see note 20 at 1779, 1797, supra.

**26.** *Silver v. Slusher,* 770 P.2d 878, 881 (Okla. 1988), *cert. denied,* 493 U.S. 817, 110 S.Ct. 70, 107 L.Ed.2d 37 (1989); *Bras v. First Bank &*

*Trust Co.,* 735 P.2d 329, 333 (Okla.1987); *Dawson v. Tindell,* 733 P.2d 407–08 (Okla.1987).

**27.** *Hanson v. American Nat'l Bank & Trust,* 865 S.W.2d 302, 308 (Ky.1993). See also, *Burson v. Whistler's, Inc.,* 302 P.2d 155, 157 (Okla.1956); *B.F.C. Morris Co. v. Mason,* note 22, supra; *Wells v. Shriver,* note 22, supra.

**28.** Title 12 O.S.1991 § 2 provides:
"The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma; but the rule of the common law, that statutes in derogation thereof, shall be strictly construed, shall not be applicable to any general statute of Oklahoma; but all such statues shall be liberally construed to promote their object."
*Abrego v. Abrego,* 812 P.2d 806, 812 (Okla.1991).

**29.** *Tate v. Browning–Ferris, Inc.,* 833 P.2d 1218, 1225 (Okla.1992).

**30.** Colo.Rev.Stat. § 38–10–124 (1989) provides in pertinent part:
"... (1) As used in this section unless the context otherwise requires:
(3) ... A credit agreement may not be implied under any circumstances, including, without

similarly expressed itself. It is this Court's duty to give effect to legislative acts, not to amend, repeal or circumvent them.[31] In the absence of a clear legislative statement that fraud will not take a credit agreement out of the statute of frauds found in 15 O.S.1991 § 140, we find the reasoning of the *Pako* court and the Task Force persuasive. Given the burden necessary to establish its existence, the intent of the Legislature to limit lender liability suits will not be defeated by allowing fraud to be used to avoid the writing required by 15 O.S.1991 § 140. Therefore, we find that the requirement of 15 O.S.1991 § 140 [32] that credit agreements in excess of $15,000.00 be in writing will not bar a cause of action for fraud.

## III.

### ALLEGATIONS THAT A VIOLATION OF 12 U.S.C. § 1972 (1989) RESULTED IN DAMAGE TO THE BORROWER COUPLED WITH A CLAIM FOR RELIEF ARE SUFFICIENT TO SATISFY THE PLEADING REQUIREMENTS OF 12 O.S.1991 § 2008(A).

Brown contends that his allegations [33] that Founders violated the Bank Tying Act (Tying Act), 12 U.S.C. § 1971 (1989) et seq. and that he was damaged by the violation coupled with a prayer for relief is sufficient to withstand a motion to dismiss for failure to state a claim upon which relief may be granted. Founders insists that the borrower's failure to allege any anti-competitive practices is fatal to the charge.[34] We disagree.

Section 2008(A) of the Oklahoma Pleading Code (Pleading Code) requires that a party set forth a short and plain statement of the claim consisting of simple, concise, and direct averments showing that the pleader is entitled to relief.[35] Under 12 O.S.1991 § 2012(B)(6),[36] a dismissal for failure to state

---

limitation, from the relationship, fiduciary or otherwise, of the creditor and the debtor or from performance or partial performance by or on behalf of the creditor or debtor, or by promissory estoppel."

**31.** *Toxic Waste Impact Group, Inc. v. Leavitt,* 755 P.2d 626, 630 (Okla.1988); *Allgood v. Allgood,* 626 P.2d 1323, 1337 (Okla.1981).

**32.** Title 15 O.S.1991 § 140, see note 1, supra.

**33.** Brown's first amended petition provides in pertinent part:

"... 20. That due to the acts and conduct of Defendant and the unfair dealing of the Defendant, and the Defendant violating the Bank Tying Act by requiring Brown to purchase property owned by Bank and acquire SBA funding, the Plaintiff should be permitted to rescind his contracts with Defendant and be returned his funds invested and a waiver of the guaranty note signed after the permanent loan closing.
21. That due to the misrepresentations of Spencer, The Spencers and Founders as set forth above, Brown is entitled to the actual damages incurred in keeping Truckers Village No. 2, Inc. open until Facility opened at I–35 and N.E. 120nd Street, in the amount of $700,-000.00 against Spencer, The Spencers and Founders.
WHEREFORE, Brown prays for judgment against the Defendant due to the misrepresentations and for an Order of the Court rescinding all contracts and agreements between Brown, Spencer, the Spencers and Founders ..."

**34.** Both Brown and Founders set forth arguments on what elements a party must establish to recover under a violation of 12 U.S.C. § 1972 (1989), see note 3, supra. However, we are dealing here with a motion to dismiss testing the sufficiency of the petition. Although the allegations here are sufficient to withstand a § 2012(G), see note 2, supra, motion to dismiss for failure to state a claim, they in no way alter the burden of proof to be placed upon Brown at trial. That burden includes proof of all the elements required as a prerequisite to recovery. *Erwin v. Frazier,* 786 P.2d 61, 64 (Okla.1989) (Holding that allegations of attorney negligence, damage, and a prayer for recovery sufficiently pled a cause of action despite the fact that all elements of malpractice would have to be proved at trial.). For possible elements of recovery, see, Annot., "What Constitutes Violation of Provisions of Bank Holding Company Act Prohibiting Typing Arrangements (12 USCS § 1972(1)), 74 A.L.R.Fed 579, 583 (1985).

**35.** Title 12 O.S.1991 § 2008(A), see note 4, supra.

**36.** Title 12 O.S.1991 § 2012(B)(6) provides:
"HOW PRESENTED. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

a claim upon which relief may be granted is appropriate only if it is clear beyond a doubt that no factual situation exists entitling the claimant to relief.[37] Section 1972 of the Tying Act [38] prohibits a bank from conditioning an extension of credit upon the customer obtaining additional property from the bank. Brown's petition contains allegations that Founders required him to purchase real estate it owned as a condition of the loan to construct the new location, that he was damaged thereby, and that he is entitled to relief.[39] These allegations satisfy the notice pleading requirements of 12 O.S.1991 § 2008(A).[40]

## CONCLUSION

The precise issue presented when a claim is dismissed pursuant to 12 O.S.1991 § 2012(G) [41] is whether the facts pled may support a claim for relief. Therefore, the order dismissing the cause with prejudice entered pursuant to 12 O.S.1991 § 2012(G) constitutes a final appealable order from which the merits of the substantive claim for relief may be reviewed.

 Statutes of frauds are enacted to prevent frauds not to perpetrate them.[42] These statutes are not intended to be used as shield or breastwork for a wrongdoer. Remaining silent when the duty to speak exists may constitute a wrongful act.[43] A statute of fraud does not abolish the common law remedy for fraud merely because the fraudulent misrepresentation is not in writing.[44] The Legislature has not chosen to specifically include allegations of fraud within the credit agreement statute of frauds. We may not do so by judicial fiat. Therefore, the requirement of 15 O.S.1991 § 140 [45] that credit agreements in excess of $15,000.00 be in writing will not bar a cause of action for fraud.

Title 12 O.S.1991 § 2008(A) requires a short and plain statement of the claim showing that the pleader is entitled to relief.[46] Allegations that a violation of 12 U.S.C. § 1972 (1989) resulted in damage to the borrower coupled with a claim for relief are sufficient to satisfy these pleading requirements.

The cause is remanded for further action consistent with this opinion. We express no opinion on the merits of the cause; rather, we find that the petition is sufficient to withstand a motion to dismiss for failure to state a claim upon which relief may be granted.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; CAUSE REMANDED.**

HODGES, C.J., LAVENDER, V.C.J., and HARGRAVE, WILSON, KAUGER and WATT, JJ. concur.

SIMMS, J. concurs in result.

6. Failure to state a claim upon which relief can be granted ..."

37. *Gunn v. Consolidated Rural Water & Sewer Dist. No. 1,* 839 P.2d 1345, 1351 (Okla.1992); *Wilson v. Still,* 819 P.2d 714, 716 (Okla.1991); *Frazier v. Bryan Memorial Hosp. Auth.,* see note 9, supra; Committee Comment to 12 O.S.1991 § 2012(G), see note 9, supra.

38. Title 12 U.S.C. § 1972(1)(A) (1989), see note 3, supra.

39. See relevant portions of Brown's petition, note 33, supra.

40. Title 12 O.S.1991 § 2008(A), see note 4, supra.

41. Title 12 O.S.1991 § 2012(G), see note 2, supra.

42. *B.F.C. Morris Co. v. Mason,* see note 22, supra; *Wells v. Shriver,* see note 22, supra.

43. *Lacy v. Wozencraft,* see note 23, supra.

44. *Hanson v. American Nat'l Bank & Trust,* see note 27, supra. See also, *Burson v. Whistler's, Inc.,* note 27, supra; *B.F.C. Morris Co. v. Mason,* see note 22, supra; *Wells v. Shriver,* note 22, supra.

45. Title 15 O.S.1991 § 140, see note 1, supra.

46. Title 12 O.S.1991 § 2008(A), see note 4, supra.

OPALA, J. concurs in result in Part I; concurs in Part II; concurs in result in Part III.

SUMMERS, J. not participating.