**BRANDER'S CLUB, INC., Appellant,**

v.

**CITY OF LAWTON, Appellee.**

**No. 82,494.**

Supreme Court of Oklahoma.

May 28, 1996.

Tommy L. Sims, John P. Zelbst Law Firm, Lawton, for Appellant.

John H. Vincent, City of Lawton, Lawton, for Appellee.

HODGES, Justice.

## I. ISSUES

The primary issue in this case is whether a municipality is immune to suit under Oklahoma's Governmental Tort Claims Act, Okla. Stat. tit. 51, § 155(12), (13) (1991) (hereinafter "Act"), for violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The secondary issue is whether the defendant has timely asserted the defense of failure to state a claim upon which relief can be granted under section 2012 of title 12 of the Oklahoma Statutes.

## II. FACTS

The plaintiff, Brander's Club, sought to remodel a warehouse and open a night club in the remodeled building. As part of the process, the plaintiff applied for a tavern license from the City of Lawton (City). The City would not grant the license unless the plaintiff complied with the City's zoning and safety requirements. The Lawton City Code, section 18–804(F) required that, for its parking lot, the plaintiff install double bituminous asphalt as specified by the Department of Transportation.

Plaintiff maintains that other clubs were allowed to install "oil and chip" in their parking lots and that at least one club was allowed to use an unpaved lot for overflow parking. Plaintiff alleges the inspector required him to install a black asphalt type paving material. The increased cost of installing the black asphalt type material over the "oil and chip" was $13,000.

On December 28, 1992, the plaintiff filed a petition seeking to recover $13,000 in damages. The City of Lawton filed an answer on January 7, 1992, denying the allegations and asserting that it was immune by virtue of subsections 12 and 13 of section 155 of the Act and that plaintiff had not stated a claim under the Act.

The City of Lawton filed a motion for summary judgment once again asserting it was immune under the Act. The City also averred that the plaintiff had failed to state a claim upon which relief could be granted in that it had not stated a contract claim, a tort claim, or a civil rights claim. Only the defense of failure to state a tort claim was asserted in the answer. The plaintiff responded that summary judgment was not proper because there were material issues of fact. The plaintiff also requested that if the court decided the petition was deficient, it be allowed to file an amended petition.

Without stating the reason, the trial court granted judgment in favor of the City. The trial court did not state whether the judgment was based on immunity or plaintiff's "[f]ailure to state a claim upon which relief [could] be granted" pursuant to section 2012(B) of title 12. The Court of Appeals affirmed the trial court's judgment after finding the City was immune to suit. This Court granted certiorari.

The City complains that the petition is so deficient that it was not put on notice of plaintiff's theories for recovery. A review of the pleadings show that, even though they are unartfully drawn, they are sufficiently drafted to determine that the plaintiff is asserting a violation of the Equal Protection Clause of the United States Constitution.

■ Addressing first the City's immunity, subsection 155(12) of the Act provides immunity to the state and its political subdivisions for torts arising from licensing powers, including "the issuance, denial, suspension or revocation of or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authority." Subsection 155(13) provides like immunity for inspection powers. The Act only applies to liability "for loss resulting from [the state's or its political subdivision's] torts." Okla. Stat. tit. 51, § 153(A)(1991). The Act is not applicable here because plaintiff is not alleging that it has been injured by the City's tortious conduct but is asserting a violation of the Equal Protection Clause.

Even if the Act were applicable here, immunity could not be invoked. In *Howlett v. Rose*, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), the United States Supreme Court addressed the issue of immunity in a similar case. In *Howlett*, the defendant attempted to shield itself from suit by use of sovereign immunity. The Court held that if a party was not immune in federal court, then it would not be shielded from suit by the state's law in state court. *Id.* at 371, 374, 377, 110 S.Ct. at 2440, 2442, 2443.

Thus, we must look to the City's immunity in federal court. The Eleventh Amendment, while protecting "[f]ederal law makes governmental defendants that are not arms of the State, such as municipalities, liable for their constitutional violations." *Id.* at 377, 110 S.Ct. at 2443. Like the Eleventh Amendment, the Tenth Amendment is not a source of immunity for municipalities. In *Monell v. Department of Social Services*, the United States Supreme Court stated:

> There is certainly no constitutional impediment to municipal liability. "The Tenth Amendment's reservation of nondelegated powers to the States is not implicated by a federal-court judgment enforcing the express prohibitions of unlawful state conduct enacted by the Fourteenth Amendment." ... Nor is there any basis for concluding that the Eleventh Amendment is a bar to municipal liability....

436 U.S. 658, 690 n. 54, 98 S.Ct. 2018, 2036 n. 54 56 L.Ed.2d 611 (1978) (quoting *Milliken v. Bradley*, 433 U.S. 267, 291, 97 S.Ct. 2749, 2762, 53 L.Ed.2d 745 (1977)) (citations omitted). Under *Monell*, the City would not be immune to suit in federal court. Thus under the holding in *Howlett*, it cannot be protected from suit in state court either by common-law immunity or by the Act.

The fact that the City is not immune to suit is not dispositive. In an action for violation of the Constitution, a municipality is not liable for the acts of its employees under the theory of respondeat superior. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); *Weinstein v. Mueller*, 563 F.Supp. 923, 930 (N.D.Cal.1982). A municipality can be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" causes the injury. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037. In the present case, the motion for summary judgment was not based on a lack of policy. Whether the City had a policy or custom is a material fact which remains in dispute making summary judgment improper on the issue of the City's liability. Okla. Stat. tit. 12, ch. 2, app., rule 13 (1991).

As to the City's position that the plaintiff failed to state a claim upon which relief can be granted, the plaintiff counters that the City failed to timely raise the issue. A petition must "contain ... [a] short and plain statement of the claim showing the pleader is entitled to relief." Okla. Stat. tit. 12, § 2008(A) (1991). A petition will be dismissed only if "it appears without a doubt that the plaintiff can prove no set of facts in support of the claim entitling relief." *Brown, v. Founders Bank and Trust Co.*, 890 P.2d 855, 860–61 (Okla.1994). Under Oklahoma's liberal pleading code, the plaintiff has sufficiently stated a claim entitling it to relief. Therefore, it is not necessary to address whether the City's defense was timely raised.

Because the City is not immune from suit alleging a constitutional violation and the plaintiff has stated a claim under the Fourteenth Amendment, summary judgment was improper. The trial court erred in rendering judgment for the City. Thus, the judgment of the trial court is reversed, the cause is remanded, and the Court of Appeals' opinion is vacated.

DISTRICT COURT'S JUDGMENT REVERSED AND CAUSE REMANDED; COURT OF APPEALS' OPINION VACATED.

ALMA WILSON, C.J., and KAUGER, V.C.J., and HODGES, OPALA and WATT, JJ., concur.

SUMMERS, J., concurs in part, dissents in part.

LAVENDER, SIMMS and HARGRAVE, JJ., dissent.