**Frank CLAIBORNE, Plaintiff in Error,**

v.

**Esther A. CLAIBORNE, Defendant in Error.**

No. 43398.

Supreme Court of Oklahoma.

March 17, 1970.

Hal L. Grider, Altus, for plaintiff in error.

Andrew M. Coats, Clyde A. Muchmore, of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

This is an action in forcible entry and detainer instituted in justice of the peace court by Esther A. Claiborne, hereinafter referred to as plaintiff, against Frank Claiborne, hereinafter referred to as defendant, to recover possession of certain farm property located in Jackson County, Oklahoma. The justice court rendered judgment for defendant, and, on appeal to the district court, judgment was again rendered for defendant. Subsequent to rendering judgment for defendant, the district court sustained plaintiff's motion for new trial, and defendant appeals.

Prior to his death in 1954, the quarter section involved herein was owned by the husband of plaintiff and the father of defendant. Prior to his father's death in 1954, defendant farmed the land pursuant to an oral agreement. Subsequently, he continued his farming operations pursuant to an oral lease with his natural mother, plaintiff herein, who had inherited a life estate in the property. The remainder estate was inherited by defendant, his brothers and sisters, and two nieces.

At trial, defendant's position was that he had entered into an oral agreement with plaintiff which granted to him a lease on the property during the life of plaintiff for the consideration of his farming and making improvements on such property. Defendant introduced evidence attempting to establish the terms of the agreement and to establish that he had partially performed such terms. Defendant maintained that his partial performance had removed the agreement from the statute of frauds, 15 O.S.1961, § 136(5).

Plaintiff denied that she entered into any agreement leasing the property to defendant for her lifetime, and contended that even if she had, such agreement was void as being within the statute of frauds. Plaintiff's position was that the lease to defendant was on a year to year basis and could be terminated by her at any time upon proper notice.

The evidence submitted in the trial court concerning the terms of the agreement and partial performance of any of its alleged provisions was very conflicting. In view of our decision herein, we do not deem it proper to comment on such evidence.

As noted above, this case is presented on appeal for our determination of whether the trial court erred in sustaining plaintiff's motion for new trial. In Hillcrest Medical Center v. Wier, Okl., 373 P.2d 45, 47, we stated:

"The granting of a new trial is within the sound discretion of the trial court, and its action in so doing will not be disturbed on appeal unless the record clearly shows the court acted arbitrarily or erred in its view of some unmixed question of law and that the new trial was granted because of such erroneous view of the law."

■ In the instant case, it is clear that any oral agreement for the leasing of real property for a period longer than one year comes within the provisions of our statute of frauds, supra, and is void.

■ This Court is committed to the doctrine of partial performance which allows such agreements to be removed from the provisions of the statute of frauds, but in cases where the doctrine is invoked, as it was here, the burden is upon the party alleging the oral agreement to establish clearly the terms of such agreement, together with the acts constituting performance or partial performance as would satisfy a court of equity. See McMonigle v. Poorhorse, 174 Okl. 534, 51 P.2d 288. In our opinion, the question of whether the party alleging the oral agreement has met the burden placed upon him is not, as implied by defendant herein, an unmixed question of law. Rather, it is a question of fact, or, a mixed question of law and fact.

■ We have reviewed the record herein and, in our opinion, the trial court did not abuse its discretion, act arbitrarily, or err in its view of some unmixed question of law in sustaining plaintiff's motion for new trial. Accordingly, its order is affirmed.

All the Justices concur.