UNITED STATES COURT OF APPEALS

**Filed 1/24/97**

FOR THE TENTH CIRCUIT

LOREN WEHRENBERG; NORINA
WEHRENBERG; DONNIE
WEHRENBERG; and GARY
WEHRENBERG,

     Plaintiffs-Appellants,

v.

WAYNE BOOTHE, an individual;
MARY LEE BOOTHE, an individual;
and CASAURANC INVESTMENTS,
INC., a Washington, D.C. corporation,

     Defendants-Appellees.

No. 96-6050
(D.C. No. CIV-93-2019-R)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiffs brought this action alleging RICO, fraud and breach of contract claims in connection with various land and related transactions in Oklahoma.  The district court granted summary judgment in favor of defendants on all claims. Plaintiffs appeal only the award of summary judgment on their breach of contract claim.  We review the grant of summary judgment de novo applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c).  Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

Plaintiffs' claim stems from the alleged breach of an oral contract negotiated in September 1988 for the sale of land (and some equipment) they had owned, but which, following foreclosure, the Boothes had purchased at a sheriff's sale.  The district court stated that

> [t]here is evidence before the Court from which reasonable jurors could find the existence of an oral agreement between Plaintiffs Loren and Norina Wehrenberg and Defendants Wayne and Mary Lee Boothe in which the Boothes agreed to allow the Wehrenbergs to continue to live on the property; the Boothes agreed to advance Donnie and Loren Wehrenberg each $1,200 per month, to be treated as an expense, to run the farms; the Boothes would receive all farm-generated income and pay all farm-generated expenses, and that this arrangement would continue for a period of five years, at which time or before such time the Wehrenbergs would have the option of repurchasing the real property and machinery or equipment which Boothe and/or Casauranc then owned which had previously been owned by the Wehrenbergs for the total amount Boothe had invested therein and/or loaned the Wehrenbergs plus expenses and advances

> plus twelve percent interest minus the income Boothe received from the farming operation. . . .

District court's January 10, 1996 order at 14-15 (attached to appellants' brief). In granting summary judgment, the district court found plaintiffs' claim barred alternatively by the statute of limitations and the statute of frauds. We need address only the statute of frauds issue.

Plaintiffs do not challenge the district court's determination that the alleged oral contract is governed by Oklahoma's statute of frauds, Okla. Stat. tit. 15, § 136. They contend only that their partial performance of the contract took it out of the statute. To avoid the statute of frauds under Oklahoma law, the party alleging the oral agreement has the burden of establishing clearly the terms of the agreement as well as the acts constituting partial performance. Claiborne v. Claiborne, 467 P.2d 157, 158 (Okla. 1970). There are four kinds of partial performance sufficient to remove an oral contract for the sale of land from the statute: (1) notorious and exclusive possession of the property pursuant to the contract with the seller's knowledge, accompanied by part payment of the consideration; (2) the making of substantial permanent improvements to the land with the knowledge of the seller and pursuant to the contract; (3) alteration of the parties' positions pursuant to the contract making restoration to their former positions impossible or impractical; or (4) conduct by the parties that would cause enforcement of the statute in one party's favor to inflict unjust and

unconscionable injury on the other party.  See Sohio Petroleum Co. v. Brannan, 235 P.2d 279, 285 (Okla. 1951).  Whether a party has met its burden of establishing the terms of the alleged contract and sufficient partial performance is a question of fact or mixed question of law and fact.  Claiborne, 467 P.2d at 158.

Even assuming, contrary to the district court's conclusion, that plaintiffs have adequately established the terms of the agreement, we agree with the district court that they have not met their burden of showing partial performance.  They contend that they made valuable improvements to the property when they "put up several permanent fences, remediated a salt water well site, rocked in the barn foundation, and reterraced one farm."  Appellants' Br. at 15.  There is no evidence in the record on appeal that they remediated a well or rocked in the barn foundation.  More importantly, they cite no evidence indicating that these improvements were done with the Boothes' knowledge or that they were pursuant to the contract.  See also Johnston v. Baldock, 201 P. 654, 658 (Okla. 1921) ("Not only in magnitude and value, but in other respects, the improvements must unequivocally refer to and result from the agreement.").

Plaintiffs also contend they partially performed the contract when they "invested $17,500 in another farm purchased by the Boothes."  Appellants' Br. at 15.  Again, there is no evidence that this investment was pursuant to the alleged contract or done with the Boothes' knowledge.  Additionally, to the extent

-4-

plaintiffs claim this investment was partial consideration and that they had possession of the property sufficient to satisfy the first test for partial performance, we note that they were evicted from the property under state court orders in 1990. This is obviously inconsistent with the requirement of exclusive possession of the property pursuant to the alleged contract.

Finally, plaintiffs contend that they cannot be restored to their former position as owners of the property because the Boothes have sold it and that they would suffer unconscionable injury if the statute is enforced. Plaintiffs do not explain how or point to evidence showing they altered their position as a result of the contract. They admit that there was no contract until after the Boothes had purchased the property at the sheriff's sale, Appellants' Br. at 6; thus, their position as nonowners of the property is not altered by enforcement of the statute.

AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

-5-