2001 OK CIV APP 151

**Samantha FOX, Plaintiff/Appellant,**

v.

**Paul H. BECHTHOLD, a/k/a Paul Bechthold; Lois C. Bechthold, His Wife; Paul H. Bechthold and Lois C. Bechthold, Trustees of The Bechthold Family Living Trust Dated July 29, 1998, Defendants and Third Party Plaintiffs/Appellees,**

v.

**I.M. Morrison, Third Party Defendant/Appellant.**

No. 96,405.

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 2, 2001.

Modified Dec. 18, 2001.

Marcus Holcomb, Buffalo, OK, for Plaintiff/Appellant.

Todd Trippet, Beaver, OK, for Defendants/Appellees.

Opinion by CAROL M. HANSEN, Chief Judge.

¶ 1 In December 1996 Plaintiff, Samantha Fox, wrote to Defendant, Paul Bechthold, asking to borrow money, offering 15% interest per annum to be secured by a mortgage on her farm. After agreeing to lend her the money, Defendant contacted an attorney, Mr. Drum, to draft the necessary documents. Mr. Drum suggested that rather than making Plaintiff a loan, Defendant should consider purchasing her land with Plaintiff reserving an option to repurchase the land.

¶ 2 Thereafter, Mr. Drum drafted an instrument entitled Agreement and Option to Buy Back (the instrument) which he sent to Plaintiff along with a warranty deed for Plaintiff to sign and return to him.[1] Mr.

---

1. The instrument stated that Plaintiff and her husband, Daniel Fox, agreed to convey the subject land to Defendant, Paul Bechthold for the sum of $71,690.00. The instrument also provided:

WHEREAS, by agreement of the parties, first parties have reserved an option to buy back all of their right, title and interest in and to said lands within one (1) year from the date hereof pursuant to the specific provisions and for the considerations hereinafter set out.

NOW, therefore, the aforesaid option to buy back reserved by first parties shall be for the cash consideration and subject to the following conditions:

1. First parties shall tender to first party (sic), the sum of $82,443.50 in cash, on or before one (1) year from the date hereof, together with all legal fees involved in this sale and buy back agreement, paid by second party, together with any abstract expenses paid by second party to satisfy title requirements needed to guarantee merchantable title to the real estate in first party.

2. In the event first party exercises said option to buy back said land within the time specified, second party shall be entitled to all crops now planted, or to be planted by second party, on said lands during the forthcoming year to which said option shall apply, and shall be entitled to retain possession of such land as may be planted to growing crops following the exercise of said option by first parties until such growing crops are harvested.

Drum told Plaintiff he would collect the sales price from Defendant and forward it to Plaintiff. Plaintiff signed the instrument and the deed and mailed them to Mr. Drum. However, Mr. Drum testified in his deposition he did not know what happened to the original of the instrument. He testified, "[t]o the best of my recollection, it [instrument] was handed to Paul Bechthold [Defendant] for his signature, or mailed to him, or … but I don't have any copy of any letter of transmittal."[2] Mr. Drum also testified the instrument and the deed were "part and parcel of the same transaction" and that the surrender of the deed was subject to the terms of the instrument. Mr. Drum received the funds from Defendant and forwarded them to Plaintiff. Defendant recorded the deed, but did not sign the instrument.[3]

¶ 3 Both Plaintiff and her husband claim she gave notice of her option to buy back the property pursuant to the terms of the instrument.[4] Plaintiff contends she tendered to Defendant a cashier's check "which included the original sum disbursed to Plaintiff plus all expenses and including $2,400.00 for the above rent." She further contends Defendant computed the expenses for her, pursuant to the terms of the instrument, which included the $2,400.00 rent. Plaintiff claims Defendant refused the cashier's check. Defendant disputes all of this.

¶ 4 Plaintiff filed a lawsuit against Defendant, his wife, Defendant, Lois C. Bechthold and Defendants, Paul H. Bechthold and Lois C. Bechthold, Trustees of the Bechthold Family Living Trust Dated July 29, 1998 seeking specific performance of the terms of the instrument, "compelling the Defendants to reconvey said real estate to the Plaintiff. …" Plaintiff also sought an accounting of all monies and profits received by Defendants subsequent to the notice of the exercise of the option to buy back the property. Defendants filed an answer denying certain allegations and raising failure of consideration of the option portion of the instrument and the statute of frauds as affirmative defenses.

¶ 5 Defendants also filed a counterclaim alleging that pursuant to paragraph three of the instrument, Plaintiff was obligated to pay Defendants $200.00 per month during the year in which the option was in effect and that Defendants have not received any rental payments. Defendants demanded judgment against Plaintiffs for the sum of $5,800.00 with interest, costs, and attorney fees.

¶ 6 Additionally, Defendants filed a third party petition against I.M. Morrison (Morrison), Plaintiff's father, demanding judgment against him for $5,800.00 as rental payments which Defendants claimed they did not receive. Defendants also alleged they were entitled to possession of the property and that Morrison deprived them of the fair rental value of the residence. They demanded judgment for the possession of the residence

3. It is further understood and agreed that the father of Samantha Fox is presently in possession as tenant of the residence located on the SE/4 of Section 24–1N–23 E.C.M., and shall be entitled to continue as tenant thereon, for the year during which the said option is in effect, upon payment to second party of the sum of $200.00 cash rental per month; provided, that said tenant shall maintain said premises and pay all utility bills during said time. Second party shall pay taxes on said property for the year 1997.

4. Notice of intent to exercise this option to buy back said property shall be given to second party in writing at least thirty (30) days prior to the end of the one year term of such option as herein provided.

5. Upon the exercise of said option to buy back by first parties, and payment of the cash consideration and expenses to second party, as above provided, second party will execute and deliver a valid deed of conveyance transferring title to said property to first party, and deliver abstracts to first parties.

2. Although the original instrument is not a part of the record on appeal, the parties do not dispute that Plaintiff signed the instrument.

3. I.M. Morrison, Plaintiff's father, who had been living in the residence on the property, maintained possession of the residence on the property after Defendant purchased the property. Plaintiff claimed she and Defendant orally agreed the $200.00 per month rent could be paid at the time the option was exercised.

4. By quit claim deed, Defendants, Paul and Lois Bechthold, conveyed their interest in the subject property, filed of record on December 31, 1998, to Paul H. Bechthold and Lois Bechthold, Trustees of the Bechthold Family Living Trust Dated July 29, 1998.

and for the fair rental value of the residence as damages for withholding possession.

¶ 7 Defendants filed a motion for summary judgment wherein, among other things, they argued the instrument was unenforceable for lack of consideration; that it was unenforceable for failure to satisfy the statute of frauds; and that Defendants were entitled to immediate possession of the residence due to Plaintiff's and Morrison's failure to pay rent when due.

¶ 8 Plaintiff filed a countermotion for partial summary judgment seeking a determination that the instrument was a valid and enforceable contract and that there were no material issues of fact in controversy about such issue.

¶ 9 The trial court granted Defendants' motion. In its journal entry of judgment, the trial court found that "no genuine issue of material fact exists." It also found the instrument consisted of two separate agreements, the original sale agreement and an option to purchase agreement. It further found the instrument was not signed by Defendant, the party to be charged under the option to purchase, and because of this, the statute of frauds applied to the option to purchase; that there had not been either a partial or complete performance as to the option to purchase. Thus, it found the option to purchase was unenforceable.

¶ 10 The trial court specifically found "while the attempted option to purchase agreement talked about what the purchase price would be upon exercise of the option, there is no separate consideration given for that agreement, the option to purchase; and that the option to purchase fails."

¶ 11 Additionally, the trial court found "that no genuine issue of material fact exists; and that [Morrison] has failed to pay rent to [Defendants], and that [Defendants] have served sufficient notice upon [Morrison] to quit his tenancy."

¶ 12 As a result of its findings, the trial court granted Defendants' motion for summary judgment as against Plaintiff's claims for specific enforcement and accounting. It further found, as to Defendants' third party claim, that Defendants did not hold a mortgage, but instead had fee simple title to the subject property, and that they were entitled to immediate possession of the premises now possessed by Morrision.[5] Finally, it ordered that the sole remaining issue for trial on the third party claim was the fair market value of the rental owed Defendants by Morrison.

¶ 13 On May 25, 2001, at the conclusion of a bench trial on the third party claim, the trial court found Morrison did not pay rent during the time he was in possession of the premises, that the lease between Plaintiff and Morrison, daughter and father, was not at arm's length and not indicative of the fair rental value of the premises. The trial court further found the fair rental value of the premises to be $275.00 per month and ordered judgment in favor of Defendants for the sum of $12,650.00 (for the 46 months Morrison was in possession). Plaintiff appeals the trial court's denial of her motion for partial summary judgment, and Morrison appeals the trial court's May 25, 2001, decision on the third party claim.

¶ 14 In their petition in error, Plaintiff and Morrison argue the trial court erred in finding the instrument between Plaintiff and Defendant consisted of two separate agreements, the original sale agreement and the option to purchase agreement. We agree. The instrument was one agreement. It is undisputed Mr. Drum, who drafted the instrument and the deed, considered the instrument, along with the deed, one transaction. Defendant, in his deposition, admitted he did not sign the contract, but also admitted that "[t]hat's the contract [he] dealt on ..." and was "the contract under pursuant that [he] paid the money to Keith Drum...." Defendant further testified that he and Plaintiff told Mr. Drum, "We could just make a deal out to where she could have an option to buy back in a year." The sales portion of

---

**5.** Defendants argued they had fee simple title to the subject property, and point out that Plaintiff testified in her deposition she was of the opinion the entire transaction amounted to a loan or a mortgage to enable her to build a home in Ari-

zona. This Court notes, however, Plaintiff signed the deed and the instrument. Her action is for enforcement of the instrument, not foreclosure of a mortgage.

the instrument and the option to repurchase the subject land are inextricably bound.

¶ 15 Good consideration exists to support the instrument. First, pursuant to 15 O.S.2001 § 114, a written instrument is presumptive evidence of good consideration. Title 15 O.S. § 106 defines good consideration as "[A]ny benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

¶ 16 Both Plaintiff and Defendant testified in their depositions that, initially, Plaintiff sought a loan from Defendant to build a home in Arizona. She and Defendant discussed his lending her the money for this until Mr. Drum suggested that instead of a loan, he would draft an agreement whereby Plaintiff would sell Defendant her farm, with the understanding that she have an option to buy back the farm and exercise that option within a year from the date of the conveyance. Clearly, by executing the instrument and the deed, Plaintiff agreed to suffer the detriment of selling her farm, a detriment she was not otherwise bound to suffer, to obtain the money to build a home in Arizona. Consideration for a promise is not necessarily dependent upon benefits conferred, but may rest upon a detriment sustained or agreed to be sustained by the promisee. *Clemons v. Hampton,* 1943 OK 12, 191 Okla. 693, 132 P.2d 919 (1943). The instrument is one agreement and good consideration exists to support the agreement.

¶ 17 Plaintiff further contends the trial court erred in finding the option to buy back was barred by the statute of frauds. Again, we agree. Title 15 O.S.2001 § 136 (5) provides that an agreement for the sale of land or of an interest in the land must be in writing and must be subscribed by the party

sought to be charged. However, partial performance allows agreements to be removed from the provisions of the statute of frauds. *Claiborne v. Claiborne,* 1970 OK 48, 467 P.2d 157 (1970). Further, a suit in equity may be maintained for specific performance of an oral contract for the conveyance of land, where the moving party has fully performed the terms of such contract on his part. A party cannot repudiate an agreement by asserting the invalidity of the conveyances delivered to him. Under such circumstances, equity will enforce the agreement by decreeing specific performance of it.... *Waters v. Stevens,* 1947 OK 4, 198 Okla. 162, 176 P.2d 808 (1947).[6] In this case, Plaintiff fully performed her part of the instrument by executing and delivering to Defendant the instrument and the deed in reliance on having the right to repurchase the subject property upon exercise of the option to repurchase.[7] Defendants have not disputed the terms of the instrument; Paul Bechthold testifies only that he did not sign the instrument; thus, as such, he claims it is unenforceable. Where one party to an oral contract has, in reliance thereon, so far performed his part of the agreement that it would be perpetrating a fraud upon him to allow the other party to repudiate the contract and to set up the statute of frauds in justification thereof, equity will regard the case as being removed from the operation of the statute and will enforce the contract by decreeing specific performance. *Waters v. Stevens, supra.* The instrument is valid and enforceable.

¶ 18 Therefore, the trial court's decision denying Plaintiff's motion for partial summary judgment is REVERSED, and the cause REMANDED for proceedings consistent with this opinion.

GARRETT, J., and BUETTNER, P.J., concur.

---

6. This Court finds the *Waters* decision authoritative, although we are cognizant the *Waters* case involves an oral agreement rather than a written, unsubscribed agreement, such as we have here. Both oral agreements and unsubscribed (by the party to be charged) written agreements involv-

ing an interest in or the sale of real property are subject to the statute of frauds.

7. Defendants claim Plaintiff did not exercise her option to repurchase. This is a factual issue for the trial court to determine on remand.